[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION ON MOTION TO COMPEL REIMBURSEMENT OF EXPERT FEES
Before this Court is John P. Marley's[1] (Plaintiff) Motion to Compel Reimbursement of Expert Fees, to which Margaret S. Wool, Ph.D. (Defendant) duly objects. Jurisdiction is pursuant to Super R. Civ. P. 26(b)(4)(c).
The parties in the above-entitled matter have settled. Remaining before this Court is the sole issue of expert witness fees. Defendants filed a motion for leave to conduct a deposition of this witness, Dr. Alan L. Berman, Ph.D., of the Washington Psychological Center, on October 7, 2003. Over Plaintiff's Objection, this Superior Court, Rubine, J., ordered that Defendant Wool be permitted to take Dr. Berman's deposition, which occurred on January 16 and February 6, 2004. Judge Rubine also ordered that each party be responsible for costs associated with deposing the other party's experts.
Dr. Berman has submitted to the Court an "invoice" (Plaintiff's Exhibit A) of fees and costs associated with the taking of his deposition of January 16 and February 6, 2004. Dr. Berman submitted for payment an "invoice" of $11,966.21, delineated as follows: "Review and analyses of documents, meeting and consultations, preparation for depositions: 23.67 hours" at an hourly rate of $325, for a total of $7,692.75; "Depositions": Ten hours at an hourly rate of $425, for a total of $4,250.00; and "Expenses, including travel, parking, telephone and reproduction: $23.46." (Plaintiff's Exhibit A).
Plaintiff argues that in order for Dr. Berman to prepare properly for the entire deposition, it was reasonably necessary for him to review five years of semi-weekly treatment notes of Defendant (totaling approximately 456 hand-written pages), as well as Rhode Island Hospital's charts, and three volumes of Dr. Goldsmith's deposition. Plaintiff further argues that Defendant's argument that Dr. Berman stated in his deposition that he prepared only seven to ten hours neglects to account for Dr. Berman's preparation for the second deposition. Accordingly, Plaintiff argues that Dr. Berman's time spent in preparation for the depositions was reasonably necessary.
In objection, Defendant disputes Dr. Berman's billing time for the preparation for the depositions. Defendant argues that Dr. Berman repeatedly deferred answering substantive questions at the deposition, suggesting that he had not spent almost 24 hours preparing. Moreover, Defendant points out that at the deposition session of January 16, 2004, Dr. Berman, when specifically asked how much time he estimated reviewing materials in preparation for that specific session of the deposition, answered "between seven and ten hours." Defendant does not dispute reimbursement for the ten hours of deposition at the hourly rate of $325 that Plaintiff seeks, but only challenges the reasonableness of the 23.67 hours of preparation. In addition, Defendant argues that Dr. Berman's billing for the ostensible costs of parking and gas mileage is "improper" because the deposition occurred in his office.
Rule 26(b)(4)(C) of the Superior Court Rules of Civil Procedure provides:
 "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery to pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."
The court has discretion in determining whether deposition fees are reasonably necessary. See Bielecki v. Boissel, 715 A.2d 571, 575 (R.I. 1998); see also Anthony v. Abbott Laboratories, 106 F.R.D. 461, 465
(D.R.I. 1985) (holding that, "the mandate of Rule 26(b)(4)(C) is not that an adverse expert will be paid his heart's desire, but that he will be paid `a reasonable fee.'"). The party seeking the fees, therefore, has the burden of demonstrating that the fees are reasonable, and the court has broad discretion in determining reasonableness.
Courts require some "reasonable relationship" between the services rendered and the fees the expert is seeking. Anthony, 106 F.R.D. at 464;Mannarino v. United States, 218 F.R.D 372, 374 (E.D.N.Y. 2003) (rejecting a flat fee of $3,000 as unreasonable because there is no relationship to the actual number of hours spent in preparation). The reasonable relationship between the services rendered and the fees the expert is seeking illustrates that a complex case may require more preparation.Northwest Ins. Co. et al. v. Borg-Warner Corp., et al., 501 So.2d 1063,1065 (LA Ct. App.2d Cir. 1987) (writing that, "several factors such as complexity and the length of trial, necessity for pre-trial preparation and the degree and significance of the [sic] are relevant to the amount of the expert fee"). Courts, then, may exercise their discretion and not allow an expert to charge an hourly rate that is substantially higher than their normal rate, but recognize that a complex case may require a significant number of hours of preparation.
The Court has reviewed the subject invoice and the documentation contained in the record in support thereof. This Court notes that the records that were reviewed were both voluminous and complex in nature, including many years of mental health records. The preparation required for the depositions in such a case was as labor-intensive as is possible to imagine, and the efforts of every one of the attorneys was exhaustive. At one point, Defendant's counsel questioned Doctor Berman: "[i]t sounds like you put some time in within the last week, ten days in preparation for this deposition" (emphasis added), to which Dr. Berman answered, "somewhere between seven and ten hours." (Deposition of Alan L. Berman, Ph.D. at 66) (Defendant's Exhibit B). This Court notes that Dr. Berman's answer was in response to the preparation required in the last week for the first deposition and finds that the total preparation for the entire deposition of 23.67 hours, spanning two sessions, was reasonable, necessary, and herein warranted. This Court is satisfied that Plaintiff has amply met his burden of entitlement to said reasonable fees.
Accordingly, this Court grants Plaintiff's Motion to Compel Reimbursement of Expert Fees for $11,942.75 and further grants Plaintiff's request for expenses for telephone and reproduction in the amount of $8.35, which this Court finds constitutes reasonable costs. The expenses Plaintiff seeks for parking and gas mileage, however, are denied, since the deposition occurred in Dr. Berman's office.
Counsel shall submit the appropriate order for entry.
[1] Plaintiff brings this case in his capacity as the surviving spouse and beneficiary of the Estate of Jennifer J. Gnys.