WATSON, Justice.
The City of Shreveport instituted an expropriation proceeding to take land and a building owned by Standard Printing Company of Shreveport, Inc., which operated an office supply and printing business on the premises. The parties stipulated the public purpose and necessity for the taking of the property in connection with construction of the Downtown Transit Terminal Project, but differed on the damages due Standard Printing, the latter rejecting a final offer of payment by the City of $165,000. The parties further stipulated that the fair market value of the land and building was $160,000. The question of compensation was tried under the mandate of Art. 1, § 4 of the Louisiana Constitution of 1974 which in pertinent part provides as follows:
“Property shall not be taken or damaged by the State or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit .... and the owner shall be compensated to the full extent of his loss.”
The trial court awarded[1] defendant $573,006 as replacement cost of the land and building, $10,475.60 as loss of business as a result of the move, actual moving expenses (no sum set), as well as attorney fees and fees for the experts who testified. On appeal, the Court of Appeal, Second Circuit carefully reviewed the decision of the trial court and affirmed it except to increase by $2,000 the amount fixed for attorney fees. 427 So.2d 1304 (La.App. 2 Cir.1983). On application by the City, a writ was granted to review the correctness of the judgment. 435 So.2d 426 (La., 1983).
The facts as developed by the defendant, Standard Printing, through the testimony of several lay and expert witnesses reflected the following:
Standard Printing has been located in the building in question in the central business district of Shreveport since 1941. The lot measures forty feet by one hundred twenty feet, and is entirely covered by the building. Constructed in 1922, the building was remodeled in 1945 and, according to the testimony of the experts, it was entirely suitable for the business. Some of the features of the building were obsolete, particularly the hand operated elevator, the stairs, and the electrical wiring. The building contained approximately 4,800 square feet on each of two floors, although the upper floor had a low ceiling and was not air conditioned, being used principally as an area for storage of merchandise and supplies, notably paper.
Standard Printing is a family owned business with the stockholders being employed either full or part time in the business. The testimony of Frank Fulco, president of the company, indicated that virtually all of the company’s business came from individuals, firms, or public offices located in downtown Shreveport. The economic experts[2] who *739 testified indicated that moving the business out of the downtown area would have a severe economic impact on Standard Printing and cause a substantial loss of patronage.
An expert realtor, Joseph M. Wilkinson, testified on behalf of defendant that he had personally located and examined twenty-three potential sites in the central business district where Standard Printing might consider relocating. All except one of these available sites were rejected for one reason or another, too large, too small, too expensive, or too much renovation required. The only suitable property was a vacant lot on Crocket Street available at a price of $49,-000.[3]
Having demonstrated that its business would be severely damaged by a move from downtown Shreveport and having further established that a suitable replacement building was not available, Standard Printing then presented Richard Gay, a civil engineer and an officer of the Werner Construction Company who qualified as an expert in the construction of commercial buildings. He testified that a building could be built on the Crocket Street lot with square footage equivalent to the expropriated building at a cost, including the price of the land, of $573,000. It is to be noted that the building estimate was for a structure as similar as possible to the present Standard Printing building, but with changes necessitated by the City’s building code. These would include (1) an eight foot ceiling on the second floor instead of a six foot clearance, (2) an electric elevator instead of manual, (3) fire-resistant stairs, and (4) improvements to the electrical system.
Opposing Standard Printing’s position, the City presented only two witnesses, Jack Landon and Walter L. Hunter, who gave conventional appraisals of the property as it stood. These appraisals were far less than the figure given by Mr. Gay, but their testimony “... was seriously disputed,” as noted by the trial court. (Tr. 42) The trial court obviously had doubts about “... the substantive content and their concept of replacement value ...” which was supported by “no evidence other than the appraisers’ opinion.” (Ibid.) Accepting Standard Printing’s theory of the case and the testimony of their experts, the trial court held that to compensate defendant to the full extent of its loss, the City would be required to pay damages of $573,000 for the land and building plus the various other lesser items noted above.
Our review of the record indicates a paucity of evidence on behalf of the City and also no argument or legal theory which would invalidate the conclusions of the trial court as affirmed by the Court of Appeal.
For these reasons, we have determined that the writ was improvidently issued and it is recalled.
WRIT RECALLED.
CALOGERO, J., concurs.

. The thirty-nine page opinion by the late Judge Paul Lynch under date of August 6, 1982, is a model of a detailed and thorough statement of reasons for judgment.

. Drs. Terrence M. Clauretie and Melvin W. Harju, L.S.U. Shreveport, testified for defendant; there were no experts in the field of economics for the City.

. It is interesting to note that the testimony indicated that the price of this lot was less than a non-downtown lot located on Youree Drive, apparently another commercial area in Shreveport, available for $100,000.