728 So.2d 1015 (1999)
Kenneth Wright ALLEN, et al., Plaintiffs-Appellees,
v.
ROADWAY EXPRESS, INC., et al., Defendants-Appellants.
No. 31,628-CA
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
Christovich & Kearney by Lawrence J. Ernst, Scott P. Yount, New Orleans, Counsel for Defendant-Appellant Roadway Express Inc.
Snell & Robinson by Richard A. Snell, Due', Caballero, Price & Guidry by Paul H. Due', Baton Rouge, Counsel for Plaintiff-Appellee Kenneth Wright Allen.
Richard P. Ieyoub, Attorney General, James R. Dawson, Assistant Attorney General, Counsel for Third Party Defendant-Appellee State of Louisiana, DOTD.
Hicks & Hubley by S. Maurice Hicks, Jr., Shreveport, Counsel for Intervenors-Appellees Anthem Life Ins. Co. of Indiana and Acordia of Mississippi, Inc.
Casten & Pearce by Marshall R. Pearce, Shreveport, Counsel for Defendants-Appellees Thomas Furqueron, Indiv. and as Adm. of the Estate of his minor Daughter, Rachael Furqueron and State Farm Ins. Co.
Cook, Yancey, King & Galloway by Edwin L. Blewer, Jr., James R. Sterritt, Gregg A. Wilkes, Shreveport, Counsel for Defendants-Appellees Bossier Parish Sheriff's Office, Bossier Parish Sheriff Larry Deen, etc.
Mayer, Smith & Roberts by John C. Turnage, Shreveport, Counsel for Defendant-Appellee Federal Ins. Co.
Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., Natchitoches, Counsel for Defendant-Appellee Bossier Parish Police Jury.
Before NORRIS, STEWART and PEATROSS, JJ.
STEWART, J.
This is an appeal of a judgment on a rule to set expert fees and court costs, 26TH Judicial District Court, Bossier Parish, Honorable Dewey E. Burchett, Jr., presiding. The appellant, Roadway Express, Inc., urges that the trial court erred in awarding expert *1016 fees without having any evidence upon which to base its award, and erred in taxing all the costs against it even though another party also was cast in judgment. We reverse and remand.

FACTS
This matter arises from a vehicular accident which occurred on April 21, 1995 on Louisiana Highway 3, in Benton, Louisiana, Bossier Parish. Kristy Leigh Allen was a passenger in a car driven by her friend, Rachael Lynn Furqueron. Earlier that morning, Tom Valz had placed his deceased daughter's wrecked car alongside the highway as a warning to high school drivers. Mr. Valz allegedly had the permission of the Bossier Parish Police Jury to place the vehicle at that location, and had erected a large sign containing photographs of his daughter and written messages. Apparently distracted by this display, Ms. Furqueron collided with the rear of a tractor-trailer rig owned by Roadway and driven by Mr. James Street who had parked his rig in the curbside travel lane of the highway. Ms. Allen, the passenger, was catastrophically injured.
The Allen family filed suit against Roadway and its driver, Mr. Street, as well as Protective Insurance Company. Also named as defendants were Thomas Furqueron, the father of Rachael Furqueron, and their insurer, State Farm Mutual Automobile Insurance Company. Both Roadway and the Furquerons filed cross-claims against each other, while Anthem Life Insurance Company of Indiana and Acordia of Mississippi, Inc., healthcare providers for the Allens, intervened to recover medical benefits paid to and on behalf of the Allens. Subsequently, Roadway, Street, and Protective brought a third-party claim against Mr. and Mrs. Tom Valz and their insurer, State Farm. Also made defendants in this third-party claim were the Bossier Parish Police Jury and the State Department of Transportation and Development.
Prior to trial, the Allens settled with the Roadway defendants and the Furqueron defendants. Roadway also settled with the Valzs and the Bossier Parish Police Jury. Under the terms of the settlement agreements, the Allens were to indemnify the Roadway defendants and the Furqueron defendants against the claims of Anthem and Acordia, and the Roadway defendants were required to defend Mr. And Mrs. Valz, the Bossier Parish Police Jury and their respective insurers against the claims of Anthem and Acordia. The Roadway defendants litigated their remaining third-party demand against the State Department of Transportation and Development before a jury. After a lengthy trial, the jury assessed fault as follows: (1) 45% to the Roadway defendants; (2) 45% to the Furqueron defendants; (3) 10% to the Bossier Parish Police Jury; and no fault to either the State Department of Transportation and Development or Mr. and Mrs. Valz.
After the trial judge entered a judgment in accordance with the jury's verdict, the judge retired. Several months later, the state submitted invoices for three expert witnesses as well as a claim for jury costs. The Roadway defendants filed an opposition to the state's rule asserting that the $17,367.75 in expert witness fees sought by the state was outrageous. The Roadway defendants acknowledged that Joseph Blaschke sent DOTD a bill for $7,815.85, but asserted that a fee of no more than $300 should be taxed as costs, especially in light of an agreement among counsel that the parties would pay for their own experts to be deposed. The Roadway defendants argued that a bill of $4,795.40 sent to DOTD by Robert Ehrlich should not all be assessed as an expert witness fee, but that no more than $200 should be awarded to DOTD for the trial testimony of Ehrlich. Finally, the Roadway defendants asserted that George Beaulieu's bill of $4,756.50 to DOTD should result in an expert fee no greater than $400. In addition to the argument concerning a reasonable fee for each of the experts, the Roadway defendants submitted that the amount taxed as costs should be equally divided between Roadway and the intervenors, Anthem and Acordia.
The state's rule eventually was set for hearing before another judge of the judicial district. Over objection, the state introduced affidavits of each of the three expert witnesses. Each affidavit attested that an attached *1017 invoice was true and correct for the expert's charges for testifying at trial. Also introduced were copies of various settlement agreements. After hearing the argument of counsel, the court rendered a judgment assessing the following expert fees: (1) $1,740 to Joseph Blaschke; (2) $3,540 to Robert Ehrlich; and (3) $1,320 to George Beaulieu. The court assessed these costs, as well as $3,000 in jury costs to Roadway. This appeal followed.

EXPERT WITNESS FEES
In the first assignment of error, the Roadway defendants urge that the trial court erred in failing to hold a contradictory hearing at which the plaintiffs could satisfy their burden of proving a reasonable amount for expert fees, that there was no evidence presented before the court as to the nature and extent of the work performed by each of the experts, and that no deposition testimony was presented as the amount of time the experts spent testifying.
The pertinent statutory provisions for purposes of this appeal are the provisions of La. C.C.P. art.1920 and La. R.S. 13:3666. The former provision states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof against any party, as it may consider equitable.
The latter provision states in pertinent part:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
1. From the testimony of the expert relative to his time rendered and the costs of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
2. By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
In Northwest Insurance Company v. Borg-Warner Corporation, 501 So.2d 1063 (La.App. 2d Cir.1987), the question presented was what a litigant must prove on a contradictory rule to fix and tax the "additional compensation" that an expert witness shall receive under the provisions of La. R.S. 13:1366. This Court cited cases essentially holding that the assertion of an attorney and a bill of an expert will not support an award for the total time of an expert, and requiring that the expert appear at the trial of the rule and be subject to cross-examination. Agreeing with the principle of those cases, this court reversed the trial court's judgment fixing and taxing the plaintiffs with cost of expert witnesses. In that case, we did not have the record of the jury trial at which the experts testified, but only had a transcript of the hearing on the rule to tax costs. Neither expert witness testified at the hearing on the rule, and the plaintiffs objected to all evidence on the ground of hearsay.
Although we noted that it would have been acceptable for the trial court to fix expert fees solely on the basis of what the court had observed or experienced concerning the expert's time and testimony in the courtroom or in deposition, or if the record contained evidence from which a conclusion as to the fee could be drawn, we could not recognize the trial court's discretion where the record on appeal did not contain the transcript of the jury trial. We also stated that if the hearing on the rule attempts to base the expert's fee on work performed other than that demonstrated before or to the trial court, then the law requires a contradictory and full hearing, with the burden of proving *1018 the reasonable value of the expert's "other" work being on the plaintiff in rule.
Finally, we recognized an incongruity in requiring an expert to attend a contradictory hearing after a trial and thereby increase the cost to the litigant who hired him in the first place. However, we stated that the fees that professional experts charge their clients reflect private interests and are matters of conventional contract, while the fees, if any, that are to be assessed as costs against a litigant who is cast in judgment are matters of policy to be legislatively and judicially determined in the public interest.
At the time of our decision in Northwest, the provisions of La. R.S. 13:3666(B)(1) allowed a court to determine the amount of an expert's fees "from the testimony adduced upon the trial of the cause." These provisions later were amended to allow the determination to be made "from the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury." Thus, the law specifically provides a way for an expert's fee to be set by the testimony of the expert, subject to cross-examination, at the time of trial. This obviates any need to expend additional funds in calling expert witnesses back to court after the conclusion of a trial, and is especially helpful where experts may have to travel long distances in order to be present.
In Davis v. Husqvarna Motor, 561 So.2d 847 (La.App. 2d Cir.1990), writ denied, 569 So.2d 958 (La.1990), the only evidence as to the propriety of an expert witness's fee was a post-trial invoice in which the expert summarized his duties, hours worked, and expenses. Although the trial judge assessed a bill based upon this invoice, this court reversed, citing Northwest, supra. We again stated that a trial court may not value services performed by an expert away from its hearing and observation without competent and admissible evidence to support that valuation, and because there was no trial testimony by the expert in Davis as to his duties or the hours he worked, nor was there a rule to show cause to set the fees, we remanded for a hearing solely for the purposes of assessment of the expert witness fee in accordance with law.
In the case at bar, the state recognizes that Roadway's argument concerning insufficiency of evidence for the trial court to set fees is supported by Northwest, supra. However, the state argues that Northwest is distinguishable from the instant case, noting that on appeal Roadway never asserts the amounts awarded are an abuse of discretion, and stating that to require a prevailing party to undergo the expense of either having a ten-day jury trial transcribed or bringing out-of-state experts back to testify at a rule to fix fees would present an unbearable burden and inappropriate expense to all parties. In contrast to the state's position, Anthem and Acordia adopt the position and citations set forth by the Roadway defendants. Anthem and Acordia adopt this position only if this court finds that the trial court erred in casting them for a portion of the costs.
In light of the jurisprudence and statutes discussed above, we conclude that the trial court erred in setting expert witness fees in the absence of either competent evidence presented at the rule, or direct hearing and observation of the experts at trial. Roadway need not argue on appeal about the reasonableness vel non of the amounts awarded, because reasonableness can only be determined based upon competent evidence. The trial court judge who fixed the expert witness costs in this case was neither the judge that presided at trial, nor was he presented with competent evidence upon the rule so as to allow a proper assessment of the reasonableness of costs. Accordingly, it was improper for the court to fix the expert witness costs as it did.
Furthermore, while we recognize the burden of calling out-of-state experts back to testify at a rule, we note that this problem could have been prevented if the provisions of the statute concerning testimony of an expert at the time of trial had been followed. For these reasons, we must set aside the expert witness fees awarded by the trial court and require that, upon remand, a new hearing be held for the purpose of setting fees.
*1019 Without question, the state is entitled to an award for such fees, but the amount must be determined upon evidence either stipulated to by the parties or properly presented and admitted. In the absence of evidence at a hearing on remand, the trial court can make an award based upon review of the record as to the time the experts actually spent in court, as well as upon any testimony that was given by the experts as to matters concerning "additional compensation," but the trial court cannot award such "additional compensation" beyond that which is based directly upon the trial court record unless by agreement of the parties or upon competent evidence presented at the hearing.
This assignment of error is with merit.

ASSESSMENT OF ALL COSTS AGAINST ROADWAY
In the second assignment of error, the Roadway defendants urge that the trial court erred in assessing all court costs against Roadway, as the record is devoid of evidence upon which such an award could be based and the initial trial court judge's decision apportioning fault specifically ordered not only that the claims of the Roadway defendants against the state be dismissed with prejudice at their cost, but also that the intervention claims of Anthem and Acordia against the state be dismissed with prejudice at the cost of intervenors.
Although Anthem and Acordia argue on appeal that the record is "replete with the reasons for equitable assessment of costs solely against Roadway," and state that they were not cast in judgment, we must conclude that the decision of the second trial court judge assessing all costs against Roadway was in error. There is no question that the decision of the first trial court judge that assessed costs not only against the Roadway defendants, but also against Anthem and Acordia, was never appealed.
Accordingly, that judgment became both final and definitive; the definitive judgment could not subsequently be changed by the trial court, either through the action of the first judge or the action of the second judge. At the same time, we cannot conclude that the judgment's explicit rejection of Roadway's and the intervenor's claims against the state at each's cost is an implicit equal division of the total costs. Instead, it appears that the trial court in the initial judgment neither attempted to set specific costs, nor intended to apportion total costs. Therefore, we reverse the subsequent judgment assessing all costs against the Roadway defendants, and we direct that upon remand for taxing of costs the trial court also apportion the total costs equitably between the Roadway defendants and the intervenors.
For the reasons set forth above, the judgment of the trial court is reversed, and the case is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.