I , PEATROSS, J.
Terry Burns (“Ms. Burns”) filed a wrongful death suit on December 4, 2000, on behalf of her husband, who died in a work-related accident in June 2000. Apache Corporation, her husband’s employer, and United States Fire Insurance Company (collectively, “Apache”) its workers compensation carrier, intervened in the case, seeking reimbursement for workers’ compensation payments made. The case was tried on October 8, 2002 in the U.S. District Court, Western District of Louisiana, and Ms. Burns was awarded $47,868.12 in damages.
After judgment was rendered, Ms. Burns filed a Notice of Application to Tax Costs and Memorandum in support thereof, asserting $7,700.48 in court-costs. The issue was later settled for $2,000 and Ms. Burns paid $5,700.48 in costs (the difference between the actual costs and the settlement amount).[1] Following payment of the judgment, Apache suspended workers’ compensation benefits being paid to Ms. Burns after calculating future credit against such payments, due to her tort recovery, as provided in La. R.S. 23:1102. In doing so, Apache deducted Ms. Burns’ attorney fees ($14,360.44) and court costs paid ($5,700.48) from her total recovery, leaving her with a credit against future benefits of $27,807.20.
Ms. Burns appealed the workers’ compensation judge’s (“WCJ”) ruling on November 27, 2002, arguing that her expenses and expert witness fees should have also been deducted. See Burns v. Apache Corp., 37,396 (La.App. 2d Cir.8/20/03), 853 So.2d 708, unit denied, 03-2928 (La.1/9/04), 862 So.2d 990.[2] On appeal, this court reversed and remanded to the trial court for “a determination under Allen v. Roadway Exp., Inc., 31,628 (La.App. 2d Cir.2/24/99), 728 So.2d 1015, of the appropriate amount of expert witness fees to be offset against the employer credit.”
On June 10, 2003, Ms. Burns filed a disputed claim for reinstatement of work *1162 ers’ compensation death benefits with the Office of Workers’ Compensation (“OWC”). The WCJ issued a written judgment ordering that Apache was entitled to a credit against future workers’ compensation benefits.[3]
On remand, the WCJ found that the “amount of expert witness fees and expenses had previously been stipulated.” The WCJ further stated that the amount previously stipulated ($35,043.37) was to be used in the calculation of employer credit due. From this ruling, Apache filed a suspensive appeal. For the reasons set forth herein, we affirm.

DISCUSSION

We will address Apache’s second assignment of error first in this opinion.

Assignment of Error Number Two (verbatim): The trial court erred in denying defendants Exception of Subject Matter Jurisdiction and should be reversed.

Apache argues that the WCJ erred in denying its Exception of Lack of Subject Matter Jurisdiction it filed with the OWC on October 23, 2003. Ms.- Burns responds, asserting that a plain reading of the jurisprudence cited by Apache “makes it clear that the arguments set forth by Appellants do not apply in this case.”
Apache contends that this case is more proper before a district court judge. It points to La. R.S. 23:1310.3(e), which states:
Except as otherwise provided by R.S. 2S:1101(D) and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers for indemnification or contribution. (Emphasis Apache’s.)
Apache notes that the OWC would have exclusive jurisdiction in this case if La. R.S. 23:1101(D) did not provide an exception. La. R.S. 23:1101(D) states:
Any suit against a third person to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action against a third person involving an employee who has received or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a district court judge only. (Emphasis Apache’s.)
14Apache further cites La. R.S. 23:1102(A)(2), which states:
(2) Any dispute between the employer and the employee regarding the calculation of the employer’s credit may be filed with the office of workers’ compensation and tried before a workers’ compensation judge. If a third party action has been filed in a district court, suck dispute shall be filed in the district court and tried before a district judge unless the parties agree otherwise. However, any determination of the employer’s credit shall not affect any rights granted to the employer or the employee pursuant to R.S. 23:1103(C). (Emphasis Apache’s.)
*1163 From these statutes, Apache argues that the only way this case could be tried before a WCJ was by “agreement,” per section 1102(A)(2); however, it states that no such agreement was ever reached by the parties. Apache contends that, in the absence of such an agreement, jurisdiction is more proper in the district court where the underlying tort to this case was tried. Apache also cites Gordon v. Waste Management of New Orleans (Residential), 94-1252 (La.App. 4th Cir.12/15/94), 648 So.2d 1087, writ denied, 95-0691 (La.4/28/95), 653 So.2d 595, wherein the court stated:
There can be no dispute but that a third party tort suit must be heard in the district court and not before a compensation hearing officer. It logically follows that any claim of reimbursement or credit by the employer, either by intervention or direct third party suit, also cannot be heard by a hearing officer. The compensation statute simply excludes those claims from the hearing officer’s jurisdiction. Jurisdiction for defendants’ offset claim lies with the district court where the third party tort claim was heard.
Apache points out that an exception of lack of subject matter jurisdiction may be raised at any time in the litigation. It concedes that, while this issue should have been discovered and raised earlier, this does not preclude raising it at this time.
|fiMs. Burns responds that Apache’s argument that this case is governed by La. R.S. 23:1101(d), supra, is misguided as it ignores the repeated references to actions involving third parties contained within its purview. She states that the jurisdiction provision of section 1101(d) is only applicable in actions involving third persons, specifically stating: “[sjection 1101(d) makes it clear that only in suits against third persons to recover amounts paid, or in an intervention in an action against a third person seeking reimbursement or credit for benefits paid or obligated to be paid, must the action be in a district court.” (Emphasis Ms. Burns’.) She states that the language relied upon by Apache under 1101(d) refers to a credit in lieu of an actual reimbursement for amounts that the workers’ compensation carrier has paid or will pay to an injured employee.
Similarly, Ms. Burns states that Apache’s reliance on Gordon, supra, is misplaced. She states that a plain reading of Gordon, supra, reveals that it only applies to actions within a “third party tort suit.” Ms. Burns references a portion of the section that Apache relies upon from Gordon, supra,- stating:
It logically follows that any claim of reimbursement or credit by the employer, either by intervention or direct third party suit, also cannot be heard by a hearing officer.
She states that the reimbursement or credit referred to by the employer in this section is one that it would have against a third party, not an employee. Ms. Burns further points out that the court in Gordon, supra, stated, “[t]he compensation statute simply excludes those claims from the hearing officer’s jurisdiction.” (Emphasis Ms. Burns’.) She states that, if “those” preferred to in this sentence was to be interpreted to include the employer/employee credits under 1103(A), the court would not have later written that the statute “simply excludes ■ those from the hearing officer’s jurisdiction” when section 1310.3(e) expressly includes “the recognition of employers’ credits as provided for in this chapter.” In summary, she argues that, per this language, the fourth circuit was not referring to the employer/employee credits at issue in this case.
Ms. Burns argues that more proper guidance on this issue comes from Samp *1164 son v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992), wherein the supreme court stated that, if the cause of action is primarily one of workers’ compensation, the exclusive jurisdiction of the OWC controls. She contends that the-exception to exclusive OWC jurisdiction only applies where the primary basis. of the suit is rooted in an area of law other than workers’ compensation.
Finally, Ms. Burns states that Apache’s reference to La. R.S. 23:1102(A)(2), supra, is misguided as it is not explicitly referenced in La. R.S. 23:1310.3(e), supra. She states that “the express reference to recognition of employer credits in 1310.3(e), in the absence of a reference within that provision to Section 1102(A)(2), forecloses that argument completely.” We agree.
The record in the case' sub judice reflects that the WCJ was not in error in denying Apache’s exception of lack of subject matter jurisdiction. La. R.S. 23:1102(A)(2) states:
(2) Any dispute between the employer and the employee regarding the calculation of the employer’s credit may be filed |7with the office of workers’ compensation and tried before a workers’ compensation judge. If á third party action has been filed in a district court, such dispute shall be filed in the district court and tried before a district judge unless the parties agree otherwise. However, any determination of the employer’s credit shall not affect any rights granted to the employer or the employee pursuant to R.S. 23:1103(C). (Emphasis ours.)
The first sentence of this statute provides for jurisdiction within the OWC on any employer credit issue. The wording of 1102(A)(2) is intended to convert a jurisdictional statute into a venue one. It is a fundamental tenet of law that parties cannot stipulate to or waive subject matter jurisdiction; however, they can stipulate to venue. In the case sub judice, the action (or inaction) by the parties of not raising these issues in district court and then litigating them to finality via appeal, constitutes an inherent agreement by them to resolve this dispute in the OWC. Given these conclusions, coupled with the language of Rosell v. ESCO, 549 So.2d 840 (La.1989), we are unable to hold that the WCJ was manifestly erroneous in ruling as he did. Accordingly, we reject this assignment of error.

Assignment of Error Number One (verbatim): The trial court clearly disregarded the remand instruction of this Court and erred in determining the amount of expert witness fees and expenses to be used in calculating the credit due the employer under La. R.S. 23:1103(A)(1), and the ruling should be reversed.

Apache further argues that the WCJ erred by failing to make an appropriate determination of fees and expenses incurred under Allen, supra. It states that the issue in this case involves the determination of the credit against future compensation benefits to which Ms. Burns is entitled under La. R.S. 23:1103(A)(1). Apache points out that this court remanded this |Rcase previously “for a determination ... of the appropriate amount of expert witness fees to be offset against the employer credit” under Allen, supra.
Ms. Burns responds that the WCJ was not manifestly erroneous in ruling as he did. She further states that, when this court remanded the first appeal of this case for a determination of fees under Allen, supra, it was “clear ... that the record was incomplete with respect to the amount of expert fees incurred by Burns in the underlying action.” ■ She argues that the underlying stipulation in this case *1165 made the “method in Allen, supra, unnecessary.”
Apache argues that the trial stipulation entered into by the parties did not stipulate that expert witness fees and expenses in this case were reasonable, properly awarded or taxable as “expert witness fees” for credit calculation. Instead, it asserts that the stipulation was used only to recognize that those amounts were, in fact, incurred by Ms. Burns. Apache states that this court’s instruction (on its first appeal) was that the case be remanded to determine which expert witness fees incurred by Ms. Burns could be taxed as costs to the party cast in judgment, per Allen, supra, not the “amount” of expert witness fees and expenses incurred.
Apache states that any stipulation of expert witness and attorney fees is ineffective anyway as the “determination of the reasonableness of such awards is exclusively the prerogative of the court rather than the litigant” as provided in City of Shreveport v. Standard Printing Co. of Shreveport, Inc., 427 So.2d 1304 (La.App. 2d Cir.1983), writ denied, 434 So.2d 1106 (La.1983), writ granted, 435 So.2d 426 (La.1983), writ recalled, 441 So.2d 737 (La.1983).
In summary, Apache states that an acknowledgment of expenditure by the appellants does not equate to an agreement that the charges were reasonable or properly charged. It states that there was never an agreement or stipulation at any time that the expenses incurred were reasonable, necessary or taxable as costs.
To the contrary, Ms. Burns argues that, at the October 8, 2002 hearing before the WCJ on this matter, the attorneys were asked about the stipulations and expert witness costs involved in this case. She references the transcript of the proceedings in which the following colloquy occurred between the attorneys and the WCJ:
THE COURT: Where are the stipulations that you alluded to the court that the parties had-.
MR. ODOM: The pretrial statement which was filed, Your Honor, and our Paragraph 1A through E. Those-we listed them there as proposed stipulations, and since this was filed Ms. Workman has agreed they stipulate to these. So they, on her confirmation, become stipulations.
THE COURT: Okay. I need the record to reflect that because you haven’t told us that in the record.
MR. ODOM: Okay if Ms. Workmán would acknowledge that, I guess.
THE COURT: So am I understanding the parties are agreeing to stipulate as it’s going to be A through E of the pretrial 1, (¡statement of Terry Burns? Is that what it is?
MS. WORKMAN: Yes, your honor.[4]
Ms. Burns contends that, by stipulating to the figures, Apache waived any objection to the amounts or value of those fees.
Ms. Burns also states that Apache’s reliance on City of Shreveport, supra, is misguided. She states that City of Shreveport is distinguishable as it involved the appropriateness of attorney fees and courts’ right to regulate the practice of law. Ms. Burns argues that, while trial courts do tax expert witness fees as costs against the judgment debtors, this does not forbid the stipulation of such amounts between the parties to litigation.
Similarly, Ms. Burns argues that Apache’s interpretation of Allen, supra, is misplaced. She states that Allen is distinguishable from the case sub judice and *1166 that it was “... simply a state district court personal injury matter where the determination of expert witness costs to be taxed against the judgment debtor was at issue.” (Emphasis Ms. Burns’). Ms. Burns states that Apache is arguing issues in this appeal that were previously adjudicated against it in its first appeal of this case.
Ms. Burns further argues that the determination of what portion of expert witness fees are taxed against a party held in judgment is guided by the premise that a third party should only pay for those amounts necessarily incurred to obtain a judgment against him. She states that her case is different as “the purpose before the OWC in calculating the employer credit hiwas to credit the employer for whatever the beneficiary recovered less the amount he spent in recovering that amount.” We agree.
The record in the case sub judice reflects that, when Apache stipulated to the expert witness fees, there were absolutely no objections made nor reservations noted as to the reasonableness of the fees at issue. As discussed, swpra, the following colloquy took place at the trial court:
THE COURT: So am I understanding the parties are agreeing to stipulate as it’s going to be A through E of the pretrial statement of Terry Burns? Is that what it is?
MS. WORKMAN: Yes, your honor. (Emphasis ours.)
By stipulating to the figures, as Apache did, it waived any objection to the amounts or value of those fees. Had there remained a dispute, no stipulation could have been entered into and the court would have had to hear evidence on each expert witness’ fees notwithstanding the general stipulation. It is evident to this court that Apache did not reserve any objection. For these reasons, we reject this assignment of error.

CONCLUSION

For the reasons set forth herein, the judgment of the trial court is affirmed in favor of plaintiff/appellee Terry P. Burns. Costs of this appeal are assessed to Apache Corporation and United States Fire Insurance Company.
AFFIRMED.

. Ms. Burns settled this portion of her claim, against one of the original defendants to this suit, Dodson Tye Machine Works, Inc., for $2,000 because of concern that the five percent liability assessed to Dodson would also apply to any cost award.

. Allen involved a jury trial arising out of an automobile accident. The jury found in favor of the plaintiff and apportioned fault among three defendants. Several months later, a rule was filed and a hearing set to determine expert witness fees before a different judge in the judicial district. Over defendant’s objection, the state introduced affidavits for the expert's charges as well as various settlement agreements. From this evidence, the judge awarded $9,600 in expert witness fees and court costs against the defendants.
This court held on appeal that the trial judge was in error and should not have awarded the expert witness fees in the absence of either competent evidence regarding nature and extent of the work performed by each expert presented or a direct hearing and observation of said experts at trial. This court further stated that, even in absence of an argument regarding the reasonableness vel non of amounts awarded; the trial court judge who fixed expert witness costs was neither the judge who presided over the trial, nor was he presented with competent evidence upon rule so as to allow proper assessment of reasonableness of costs, per La. R.S. 13:3666; La. C.C.P. art. 1920. Accordingly, the case was reversed and remanded.

. The judgment provided that $14,360.44 in attorneys fees, $5,700.48 in court costs and $1,668.43 in a first annual reduction be reduced from Ms. Burns' tort recovery of $47,868.12. The judgment further stated that Ms. Bums was not entitled to a reinstatement of benefits until the above credit was exhausted.

. Ms. Workman was the trial attorney in the case sub judice.