TERRI F. LOVE, Judge.
hThis application for supervisory writ was docketed for oral argument pursuant to Rule 4-7 of the Uniform Rules — Courts of Appeal.
After filing for supervisory review, Safeguard filed a motion to supplement the record with newly discovered evidence. “An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.” Bd. of Dir. of the Indus. Dev. Bd. v. All Taxpayers, Prop. Owners, Citizens of the City of New Orleans, 03-0827, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 733, 737. The Louisiana Supreme Court expressly stated that appellate courts are “prohibited from receiving new evidence.” B.W.S., Jr. v. Livingston Parish Sch. Bd., 06-1981, p. 2 (La.8/16/06), 936 So.2d 181, 182. Accordingly, as the motion seeks to supplement the appellate record with new evidence, Safeguard’s motion is denied and the writ will be determined on the record before us.[1]
Safeguard Storage Properties, L.L.C., et al. (“Safeguard”), seeks supervisory review of the trial court’s judgment granting a motion to disqualify Safeguard’s expert brought on behalf of defendants, Lexington Insurance Company and American International Specialty Lines Insurance Company (collectively, | ¡/‘defendants”).
Defendants filed a motion to disqualify Safeguard’s expert, R. Christian Sonne (“Mr. Sonne”), on the basis that Mr. Sonne possessed confidential defense attorney work-product information. The trial court heard oral argument, conducted an in camera inspection of defense counsel’s handwritten notes, and questioned defense counsel regarding his conversations with Mr. Sonne. The trial court granted the motion to disqualify Mr. Sonne upon the utilization of federal jurisprudence and found that Mr. Sonne “switched sides,” noting that the communications were “protected pursuant to Louisiana Code of Civil Procedure 1425(E)(1).” Safeguard filed a motion for new trial, which the trial court denied.
Safeguard asserts that Mr. Sonne was never retained as an expert because defendants never fulfilled Mr. Sonne’s expressed conditions for retention, i.e. the letter of engagement and retainer.[2] Safeguard further argues that even if Mr. Sonne was retained by defendants, Mr. Sonne was never provided with confidential information. Specifically, Safeguard contends that the documents provided to Mr. Sonne were either documents produced by Safeguard or documents generated in connection with discovery requests propounded to Safeguard.
Louisiana has not - enumerated a bright-line rule for the disqualification of experts and, as such, both the relator and respondent suggest the utilization of federal jurisprudence. However, the Court of Appeal, Second Circuit, State of Louisiana, *246 held that the trial court improperly excluded the testimony of an expert who was previously hired and then dismissed by an adverse party. Dartlone v. Louisiana Power & Light Co., 33,597, p. 12 (La.App. 2 Cir. 6/21/00), 763 So.2d 779, 787. In Dartlone, the expert was retained by the defendant and was released | Rfrom employment prior to trial. Id. The defendant then asserted a conflict of interest prohibiting the expert from testifying on behalf of another party. Id. The court found that the expert’s testimony should not be prohibited and opined that “[a]n expert is not a party or a party’s representative and there is no presumption that an expert is adverse or hostile to anyone.” Id. In the case sub judice, Mr. Sonne was never retained, as his retention letter was never signed and fee never paid. However, according to Dartlone, retention is moot. Dartlone represents that once a party has declined the future services of an expert, another party involved in the litigation is free to retain him for consultation, etc.
Further, the Louisiana Supreme Court held in 1984 that La. C.C.P. art. 1425(2) and 1424 did not create a “privilege against the use of the expert as a witness at trial by the opposing party.” State, Dep’t of Transp. and Dev. v. Stumpf, 458 So.2d 448, 454 (La.1984). In 1984, La. C.C.P. art. 1425(2) provided that:
(2) A party may discover facts known by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Article 1465 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on the same subject by other means.
La. C.C.P. art. 1425 was revised to widen the scope of discoverable materials from experts and currently reads, in pertinent part:
D. (1) Except as otherwise provided in Paragraph E of this Article, a party may, through interrogatories, deposition, and a request for documents and tangible things, discover facts known or opinions held by any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under Paragraph B, the deposition shall not be conducted until after the report is provided.
(2) A party may, through interrogatories or by deposition, discover facts known by and opinions held by an expert who has been retained or specially employed by another |4party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Article 1465 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
[[Image here]]
E. (1) The expert’s drafts of a report required under Paragraph B of this Article, and communications, including notes and electronically stored information or portions thereof that would reveal the mental impressions, opinions, or trial strategy of the attorney for the party who has retained the expert to testify, shall not be discoverable except, in either case, on a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(2) Nothing in this Article shall preclude opposing counsel from obtaining any facts or data the expert is relying on in forming his opinion, including that com *247 ing from counsel, or from otherwise inquiring fully of an expert into what facts or data the expert considered, whether the expert considered alternative approaches, or into the validity of the expert’s opinions.
Defendants assert that La. C.C.P. art. 1425(E)(1) creates an undiscoverable protection of information. However, La. C.C.P. art. 1425(E)(1) contains the same caveat, in regards to discoverability, as the section interpreted by the Louisiana Supreme Court in 1984: “a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on the same subject by other means.” The language is identical to that the Stumpf Court found did not create a privilege, which would necessitate the disqualification of an expert with previous association with an opposing party. The legislature did not intend to fervently protect the information since the revision provides for discovery.
Accordingly, we find that Louisiana jurisprudence does not require the disqualification of Mr. Sonne and reverse.
WRIT GRANTED
BONIN, J., concurs with reasons.

. As the motion was unopposed, this Court indicated that the supplement would be granted at oral argument. However, this Court is prohibited from receiving new evidence into the record.

. It is undisputed that the defendants never “retained” as Mr. Sonne's retention agreement was neyer signed.