BONIN, J.,
dissents.
hi respectfully dissent. I would vacate the trial court judgment and remand for a full evidentiary hearing during which the parties cast in judgment are permitted to traverse the costs claimed by the prevailing party.
The majority is correct that the trial court record is so deficient that we are unable to properly review the judgment awarding more than $154,000 in court costs to the prevailing party. I, however, part company with the majority because it fails to point out that the deficient record resulted from the trial judge’s stated refusal to engage in “trench warfare,” stating that he is “is not doing line by line, if that’s what you’re asking me.” That is what the parties cast were asking and, under the circumstances of this case, it was a reasonable and necessary request.
The trial judge awarded in the aggregate more than $100,000 in “expert fees.” The majority correctly notes, citing to Saden v. Kirby, 01-2253, p. 7 (La.App. 4 Cir. 8/7/02), 826 So.2d 558, 562-63, that the time of an expert spent in consultation assisting an attorney in preparation for the litigation is not a taxable cost. See Op. p. 576. And this is not simply a hair-splitting consideration. “An expert witness is an adjunct to the trier of fact. His or her responsibilities can be properly distinguished from an expert consultant.” Safeguard Storage Properties, L.L.C. v. Donahue Favret Contractors, Inc., 09-0344, p. 4 (La.App. 4 Cir. 5/27/09), 13 So.3d 244, 249 (Bonin, J., concurring). “The witness’ primary responsibility is to the fact-finder and the consultant is presumably engaged *579 by an advocate to be his- adjunct.” Id. (emphasis in original).
Here, a considerable amount of “expert fees” were made payable to- “Healthcare Litigation Support, LLC” but no “expért witness” is even identified with thirteen of the payments. In my view, the trial judge should have permitted full inquiry at a hearing to determine which of the so-called “expert fees” were to compensate for expert “witness” services and which were to compensate for expert “consultant” services. Because it appears that the expert witnesses at the trial were not questioned outside the presence of the jury about their time rendered and the cost of their services, the party to be cast was entitled to a hearing on the prevailing party’s rule.' See La. R.S. 13:3666 B(2).[1]
I recognize that going through these costs “line-by-line” is tedious work. But á defeated "party is not properly indiscriminately asséssed ah of the prevailing party’s expenses in the litigation as the trial judge did here.[2] Importantly, “fees that professional experts charge their clients reflect private, interests and are matters of conventional contract ...” Allen v. Roadway Express, Inc., 31,628, p. 5 (La.App. 2d Cir. 2/24/99), 728 So.2d 1015, 1018. But “the fees, if any, that are to be assessed as costs against a litigant who is cast in. judgment are matters of policy to be legislatively and judicially determined in the public interest.” Id. We approvingly, cited these excerpts when we found that a trial judge abused his discretion in awarding the entirety of an' expert witness’ invoices “without substantial proof of the nature of the charges and services.” Buffman Inc. v. Lafayette Ins. Co., 09-0870, 09-1241, pp. 40-41 (La.App. 4 Cir. 4/14/10), 36 So.3d 1004, 1031.
Accordingly, I find that the trial judge abused his discretion in refusing to conduct an evidentiary hearing by which means he could determine which of the prevailing party’s expenses were taxable as costs and which were not. And, therefore, I dissent.

. I would limit compensation to experts who actually testified at the trial or before the Medical Review Panel, whether in person or ' by deposition. I detect no support for taxing ' as costs services of unused expert witnesses. In their brief, the appellants identify more than $11,000 of the expert fees were for persons whom they report did not testify.

. The taxable costs include the plaintiff attorney’s stay in the' hotels such as the Hotel Andaluz and the Petit Hermitage.