501 So.2d 1063 (1987)
NORTHWEST INSURANCE COMPANY, Kelton L. Howard and Geraldine A. Howard d/b/a K & J Grocery, Plaintiffs-Appellants,
v.
BORG-WARNER CORPORATION, et al., Defendants-Appellees.
No. 18388-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*1064 Rabun and McCallum by Armand F. Rabun and Jay B. McCallum, Farmerville, for plaintiffs-appellants, Kenton and Geraldine Howard.
Theus, Grisham, Davis & Leigh by Ronald L. Davis, Jr., Monroe, for defendant-appellee, Borg-Warner.
Snellings, Breard, Sartor, Inabnett & Trascher by Kent Breard, Sr. and Phillip L. McIntosh, Monroe, for defendant-appellee, Emerson Elec. Co.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
MARVIN, Judge.
After a jury verdict rejected, at plaintiffs' cost, plaintiffs' demands for damages in a products liability case in 1985, plaintiffs appeal a 1986 judgment that fixed, and taxed against them, $11,000 as fees for expert witnesses employed by defendants. The 1986 judgment also cast plaintiffs with the cost of the rule provoked by defendants to fix and tax the cost of expert witnesses in the jury trial.[1]
*1065 Plaintiffs contend that the trial court judgment should be reversed because defendants failed to meet their burden of proof by competent evidence. The precise issue requires our interpretation of LRS 13:3666 A. and B. and a determination of what a litigant must prove on the contradictory rule to fix and tax the "additional compensation" that an expert witness "shall receive" as the value of his time and expertise under that statute. This issue has not been squarely presented to an appellate court in Louisiana in more than 40 years. Egan v. Hotel Grunewald Co., 55 So. 750 (La.1911), followed in Cutitto v. Metropolitan Life Ins. Co., 172 So. 812 (Orl.App.1937), and Womack v. Burka, 14 So.2d 302 (Orl.App.1943), modified on other grounds, 19 So.2d 127 (La.1944). The cited cases essentially hold that the assertion of an attorney and the bill of an expert will not support an award for the total time of an expert and require that the expert appear at the trial of the rule and be subject to cross-examination.
We follow the principle of those cases and reverse and render judgment rejecting defendants' demands as of non-suit because some of the fee allowed each expert by the court was for the time and expertise demonstrated to the court during the jury trial. We do not have the record of the jury trial, however, and we are unable to deduce what these amounts were.

THE HEARING ON THE RULE
The attorney for defendant Emerson Electric testified at the hearing on the rule as to the hours he spent with his expert, Grybeck, during the week of the jury trial and introduced his affidavit to the same effect, along with Grybeck's itemized invoice which had been paid. An affidavit similar in content was filed by the attorney for defendant Borg-Warner with the itemized invoice of the expert, Myers. Borg-Warner's attorney did not testify at the hearing on the rule. See fn. 1.
Neither expert witness testified at the hearing on the rule. Plaintiffs objected to all evidence on the ground of hearsay. We have only the record of the hearing on the rule and do not have the transcript of the testimony the experts gave at the jury trial. The record of the hearing on the rule contains only the "testimony" of the attorney for Emerson Electric and the affidavits mentioned above.

PROVING EXPERT WITNESS FEES[2]
We agree with the trial court's recitation that several factors such as complexity and length of the trial, necessity for pre-trial preparation, and the degree and significance of the expertise are relevant to the amount of the expert fee. LRS 13:3666 A. The trial court correctly observed that the agreement between a litigant and his expert as to the amount of the expert's witness fee is not binding on the court. We also agree that a trial court has discretion to fix an expert witness fee upon its evaluation of the factors it has experienced and observed during the trial and with or without a contradictory hearing. § 3666 B.
The trial court stated that a hearing on the rule was not necessary, citing Hebert v. Broussard, 450 So.2d 1038 (La.App. 1st Cir.1984), and observed that "straight billing for the entire week [of the trial] ... is unrealistic ... Experts ... could not reasonably expect to bill for these amounts of [weekly] hours during a normal working *1066 context." From this observation, we deduce that the time billed by the experts for "court time" (see fn. 1) exceeded the time the experts were on the witness stand testifying.
If the trial court had fixed the fee of each expert solely on the basis of what it had observed or experienced during the expert's time and testimony in the courtroom or in deposition, or if the record contained evidence from which that conclusion as to the fee could be drawn, we would recognize the trial court's discretion and consider only whether the fee was abusively high. As we have stated, however, the record in this appeal, does not contain the transcript of the 1985 jury trial but includes only the transcript of the 1986 hearing on the rule to fix and tax expert costs.
If the "hearing" on the rule attempts to base the expert's fee on work performed other than that demonstrated before or to the trial court, then the law requires a contradictory and full hearing, with the burden of proving the reasonable value of the expert's "other" work being on the plaintiff in rule. CCP Art. 963.
LRS 13:3666, as amended by the addition of subsection B in 1960, is not contrary to the conclusions we have drawn above. Compare Act 19 of 1884 and Act 114, § 1, of 1960. The statute authorizes the trial court to "fix" the "additional compensation" which an expert witness "shall receive" with reference to the value of time employed. Subsection A. If the rule seeks to value only the time the expert witness is before the court, that value may be determined by the court on the basis of its observation of, and experience with, the expert witness, and without further proof as in the situation where the value is determined by the court, without a hearing, in its reasons for judgment on the merits. If, on the other hand, the rule seeks to value the total time employed by the expert, the plaintiff in rule should be prepared to meet his burden of proving, by competent evidence, what service and expertise the expert has rendered in addition to that demonstrated to the trial court.
Neither Part 1 nor Part 2 of Subsection B affords discretion or authority to a trial court to value the expert's services performed away from its hearing and observation without competent and admissible evidence to support the evaluation.
The cases that defendants assert as representing the current state of law on the fixing and taxing of expert fees do not address the precise issue of when and what a litigant must prove to fix and tax the "additional compensation" that an expert witness "shall receive" for the "[total] value of the time employed and the degree of learning or skill required."[3] § 3666 A. Those cases recognize the discretion of the trial court to value the time the expert has demonstrated to the court and are not contrary to, but support, the conclusions we have made.
We recognize, as did the trial court, the suggested incongruity in requiring an expert to attend a contradictory hearing after a trial and thereby increase the cost to the litigant who hired him in the first place. Nonetheless, the fees that professional experts charge their clients reflect private interests and are matters of conventional contract, while the fees, if any, that are to be assessed as costs against a litigant in our legal system who is "cast in judgment" are matters of policy that is to be legislatively and judicially determined in the public interest.
Parenthetically, we note that it was not error for the trial court to allow the attorney for Emerson Electric to testify about the time and subject matter of out-of-court discussions he had with Emerson's expert, Grybeck, during the week of court.
*1067 This testimony was admissible for the purposes of proving the occurrence of the discussion and not the truth of what was discussed by the expert. Similarly, this attorney could testify that he hired the expert at a certain hourly rate and was billed for and paid for so many hours. This testimony would be admissible to prove the fact of the utterance or the issuance of, but not the truth of, the private contract which, as the litigants and the courts have recognized, would not be binding on the court, but only remotely relevant to the court's inquiry into the value of the expert's time and expertise under § 3666 A.
Under the circumstances of this record, we cannot reach the secondary issue of whether the amount of the expert fees for which plaintiffs were cast, even if the amount included some demonstrated in-court service, was within the discretion of the trial court.

DECREE
We thus reverse and render judgment against Borg-Warner and Emerson Electric rejecting their demands, but as of non-suit and without prejudice, at their cost, and remand for a further hearing consistent with this opinion. CCP Art. 2164.
NOTES
[1] Defendant Borg-Warner Corporation sought in the rule to recover $6,362.37 which it paid to its expert, Myers, for 20 hours of preparatory work and 39 hours of court time. The trial court awarded $4,500.

Defendant Emerson Electric Company sought to recover $9,672.08 which it paid to its expert, Grybeck, for 23 hours preparatory work, 42 hours court time, and 46½ hours staff work. The trial court awarded $6,500.
[2] LRS 13:3666 A. and B. provide:

A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
[3] See: Hebert v. Broussard, 450 So.2d 1038 (La. App. 1st Cir.1984); Succession of Moody, 306 So.2d 869 (La.App. 1st Cir.1974); Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1st Cir.1981); Bain v. Anderson, 427 So.2d 60 (La.App. 4th Cir.1983); Bordelon v. Vulcan Materials Co., 454 So.2d 168 (La.App. 1st Cir.1984); Young v. State Farm Fire and Casualty Ins. Co., 426 So.2d 636 (La.App. 1st Cir.1982).