837 So.2d 638 (2002)
Mervin H. WAMPOLD, D.D.S.
v.
Roland FISHER, Modern Valve, Inc., Commercial Union Insurance and the Paul Revere Life Insurance Company.
No. 2001 CA 0808.
Court of Appeal of Louisiana, First Circuit.
June 26, 2002.
*639 Thomas R. Pittenger, Baton Rouge, for Plaintiff/Appellee Mervin Wampold, D.D.S.
Richard E. McCormack, New Orleans, for Defendant/Appellant The Paul Revere Life Insurance Company.
Brenda Lavergne, Lafayette, for Defendants/Appellees Roland Fisher, Modern Valve, Inc.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
DOWNING, J.
This is an appeal of a judgment on a rule to set expert witness fees and court costs that were taxed as costs against defendant/appellant, The Paul Revere Life Insurance Company (Revere). Dr. Mervin H. Wampold filed this rule after a favorable jury decision awarding him disability benefits.
*640 The following are the disputed expert witness fees:

(1) Dr. Steven Bailey, plaintiff's treating neurosurgeon $9,600
(2) Dr. Gray Barrow, plaintiff's treating physician $3,000
(3) Joe Tidwell, plaintiff's treating physical therapist $1,500

Revere's sole assignment of error in this appeal alleges that the trial court abused its discretion in awarding expert witness fees to Dr. Wampold as reimbursement for prosecution of his disability claim. Revere alleges that Dr. Wampold has adduced no evidence to support these fees, which are unreasonable and should be reduced. Revere claims that Dr. Wampold did not submit any evidence of the witness' time or expenses in connection with their trial testimony, either at trial or at the hearing to tax costs. Revere claims that the fees in this case are excessive and are not supported by the record or the law.
The specific question presented is what evidence must a litigant introduce on a contradictory rule to fix and tax expert witness fees under LSA-R.S. 13:3666 B(2). A trial court judge may fix an expert witness fee solely on the basis of what the court has observed or experienced concerning the expert's time and testimony in the courtroom or in deposition under LSA-R.S. 13:3666 B(1). This article contemplates that "the testimony of the expert relative to his time rendered and the costs of his services" may be adduced outside the presence of the jury. The court then determines the amount of the fee. Allen v. Roadway Exp., Inc., 31,628, pp. 4-5(La.App. 2 Cir 2/24/99), 728 So.2d 1015, 1017. If a rule under LSA-R.S. 13:3666 B(2) seeks to set the value on the time the expert witness was before the court, that value may be determined by the court on the basis of its observation of and experience with the expert witness at trial, without further proof. However, if the rule seeks to value the total time employed by the expert, for example, time gathering facts necessary for his testimony, time spent away from regular duties while waiting to testify, or if the party seeks a fee outside of that normally charged by similar experts in that field, then the plaintiff in rule must prove by competent evidence, what service and expertise the expert rendered in addition to that observed by the trial court. See Northwest Ins. Co. v. Borg-Warner Corp., 501 So.2d 1063 (La. App. 2 Cir.1987). Neither B(1) nor B(2) allows the trial court to value the expert's services performed away from its hearing and observation without competent and admissible evidence. Id. at 1066.
It has been the law for almost a century that the assertion of an attorney and the bill of an expert do not support an award for the total time of an expert. The expert must testify at the trial of the rule and be subject to cross-examination, unless there is some stipulation between the parties. Northwest, 501 So.2d at p. 1065 and cases cited therein. Also see, Davis v. Husqvarna Motor, 561 So.2d 847, 855 (La. App. 2 Cir.1990). Although testimony as to the time rendered and the costs of services is required, the trial court is not bound by agreements between a party and the expert witness. Expert witnesses are only entitled to reasonable compensation. Smith v. Roussel, XXXX-XXXX, p. 6 (La.App. 1 Cir 6/22/01), 808 So.2d 726, 731. The fees of an expert may be reduced if expenses were needlessly or excessively incurred. In re Medical Review Panel on *641 Behalf of Laurent, 94-1661, pp. 16-17 (La. App. 1 Cir. 6/23/95), 657 So.2d 713, 723-724. The factors which the trial court may consider in setting a fee are set out in detail in Albin v. Illinois Cent. Gulf R. Co., 607 So.2d 844, 845 (La.App. 1 Cir.1992).
The trial court committed legal error insofar as he based his assessment of expert witness fees on the argument of counsel rather than on his observation of the witnesses. The trial court observed the expert witnesses and is in the best position to determine the usefulness of their testimony.

DECREE
For the foregoing reasons, the judgment of the trial court assessing expert witness fees is reversed and this matter is remanded to the trial court to set expert witness fees, without the taking of additional testimony, based upon the court's personal observation of the witnesses and the other criteria discussed herein. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring with reasons.
I respectfully concur in the result. As is noted in this court's opinion, an expert witness is only entitled to "reasonable" expenses. See Albin v. Illinois Central Gulf Railroad Company, 607 So.2d 844, 845 (La.App. 1st Cir.1992). Notwithstanding Dr. Bailey's travel time to Baton Rouge in order to testify, the record does not contain any substantiation of a requirement that he should have been away from his practice for three days, such that it would have warranted the significant expert fee of $9,500.00. Although Dr. Barrow had been scheduled to testify on the previous day and thus had to delay his testimony, there is no demonstration that Dr. Barrow had originally been required to cancel all of his appointments for the entire day in order to appear as a witness. His testimony was relatively brief. Finally, there is no objective support for granting a physical therapist the sum of $1,500.00, absent a particularized demonstration that such a large fee would be warranted. It is against this backdrop that the trial court is directed to assess the expert witness fees.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.