J^FITZSIMMONS, J.
On August 6, 1994, a tragic and fatal accident occurred west-bound on the 1-10 approach to the Mississippi River Bridge in Baton Rouge, Louisiana. An eighteen-wheeler, driven by Kenneth Clark, hit the guard rail, jackknifed, and rolled over the railing onto a highway below the westbound interstate highway. The only passenger in the truck, Jack Ray Wingfield, was killed. The driver, Mr. Clark, was injured and entered a permanent unresponsive state, which required constant care. Various family members of the driver and passenger filed suit. See Wingfield v. State, Department of Transportation and Development, 01-2668, 01-2669 (La.App. 1 Cir. 11/8/02), 835 So.2d 785, writs denied, 03-0313 (La.5/30/03), 845 So.2d 1059; 03-0339, 03-0349 (La.5/30/03), 845 So.2d 1060, cert. denied, Louisiana ex rel. Department of Transportation and Development, - U.S. -, 124 S.Ct. 419, 157 L.Ed.2d 282 (2003). Included among the defendants were the State of Louisiana, Department of Transportation and Development (DOTD), and its insurer, National Union Fire Insurance Company.
In response to plaintiffs’ allegations of a defective roadway, DOTD asserted the defense that Mr. Clark was driving while impaired by the use of marijuana. On that issue, plaintiffs filed a motion for a Dau-bert hearing and for summary judgment. Wingfield, 01-2668, 01-2669 at p. 7, 835 So.2d at 795; see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); State v. Foret, 628 So.2d 1116 (La.1993). After the hearing, the trial court found that the evidence was insufficient to support a conclusion of impairment and excluded the impairment issue evidence. The trial court also granted plaintiffs’ motion for summary judgment and dismissed the defense of impairment. The evidence, however, was proffered. Wingfield, 01-2668, 01-2669 at pp. 7-8, 835 So.2d at 795.
14After the trial on the merits, the jury found DOTD, its insurer, and Mr. Clark liable for the accident, and awarded damages in the millions. In the final judgment, the trial judge ordered DOTD, and its insurer, to pay 66% of all taxable costs and legal interest. Wingfield, 01-2668, 01-2669 at p. 4, 835 So.2d at 793.
Plaintiffs filed post-trial motions, including a rule to tax costs, which were heard on July 23, 2001 and taken under advisement. Wingfield, 01-2668, 01-2669 at p. 4, 835 So.2d at 793. The costs at issue were expert and related fees arising from the Daubert hearing and the trial on the merits.
On the appeal of the merits, the great majority of the evidence presented at the Daubert hearing, but excluded from the trial, was found by this court to be admissible. However, after a review of the evidence, this court held that impairment had not been sufficiently proved. Wingfield, 01-2668, 01-2669 at p. 15, 835 So.2d at 800. Although adjustments were made to the damages, the remainder of the judgment *769 was affirmed. See Wingfield, 01-2668, 01-2669 at p. 38, 835 So.2d at 812-13.
On December 30, 2002, after the appeal on the merits had been decided, the trial court issued written reasons for its decision on the rule to tax costs. On January 22, 2003, judgment was rendered and signed. The judgment awarded $23,867.43 for Daubert hearing costs, and for the trial, $61,931.61. DOTD and its insurer were ordered to pay $40,874.86, or 66% of the costs awarded. DOTD appealed. We affirm in part, reverse in part, render and remand.
On appeal, DOTD challenges the award of certain expert fees and related costs. For costs from the Daubert hearing, DOTD argues that the trial court erred in awarding fees and costs to the parties who lost on appeal. Secondly, DOTD asserts that the court abused its discretion by awarding, without sufficient evidence, particular fees and costs arising from the trial on the merits.

INAPPLICABLE LEGAL PRECEPTS

Louisiana C.C.P. art. 1920 states that “[ujnless the judgment provides otherwise, costs shall be paid by the party cast and may be taxed by a rule to show cause.” However, “[ejxcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” La. C.C.P. art. 1920. Louisiana R.S. 13:4533 provides: “The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.” (Emphasis added.) Although La. R.S. 13:4533 delineates certain “costs,” it does not discuss who is entitled to costs or under what circumstances. Boleware v. City of Bogalusa, 01-1014, p. 4 (La.App. 1 Cir. 12/20/02), 837 So.2d 71, 73; Bourgeois v. Heritage Manor of Houma, 96-0135, p. 4 (La.App. 1 Cir. 2/14/97), 691 So.2d 703, 706. For suits involving the state, La. R.S. 13:5112 allows a trial or appellate court, “after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure” to “grant in favor of the successful party and against the state, ... an award of such successful party’s court costs under R.S. 13:4533 and other applicable law as the court deems proper .... ” (Emphasis added.) Louisiana R.S. 13:3666 sets out the general rule regarding compensation of expert witnesses, costs of medical reports, and copies of hospital records, in pertinent part, as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required. (Emphasis added.)
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the | ¿presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial *770 court shall forra a part of the final judgment in the cause.
Experts are only entitled to reasonable fees and related costs. Neither the agreement between the hiring party and the expert, nor the bill submitted to the court, binds the court’s decision. Wampold v. Fisher, 01-0808, p. 3 (La.App. 1 Cir. 6/26/02), 837 So.2d 638, 640. Factors to be considered by the trial court in setting expert fees and related costs include: the time spent testifying at trial, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of work performed, and the knowledge, attainments, and skill of the expert. Additional considerations include the helpfulness of the expert’s testimony to the court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. Samuel v. Baton Rouge General Medical Center, 99-1148, p. 8 (La.App. 1 Cir 10/2/00), 798 So.2d 126, 132. While an expert may receive fees for preparatory work, this is limited to the work done in preparation for trial, not consultations that only assist the attorney in his preparation for trial. Smith v. Roussel, 00-1672, p. 6 (La.App. 1 Cir. 6/22/01), 808 So.2d 726, 731. Experts who testify by deposition may also have their fees taxed as costs, provided that their depositions have been introduced as evidence. Smith, 00-1672 at p. 6, 808 So.2d at 730-31.
In setting expert fees and related costs for in-court time, such as testimony and depositions submitted at trial, the trial court may rely upon its own in-court observations and experiences, without further proof. Wampold, 01-0808 at pp. 2-3, 837 So.2d at 640. However, for work done or expenses incurred outside the courtroom, such as time spent gathering facts in preparation for trial testimony and |7time spent away from regular duties, the plaintiff in rule must submit competent and admissible evidence. Unless the parties stipulate to the specifics and costs of the out-of-court work, the expert must testify at the trial, or a subsequent hearing on the rule to tax costs, and be subject to cross-examination. Wampold, 01-0808 at p. 3, 837 So.2d at 640; see Allen v. Roadway Express, Inc., 31,628, pp. 3-8 (La.App. 2 Cir. 2/24/99), 728 So.2d 1015, 1017-19. Thus, pursuant to Wampold v. Fisher, the mere assertions of an attorney and the expert via the submitted bill, even in conjunction with an expert’s affidavit attesting to the correctness and truth of the billing statement, are not sufficient. Id. This is especially true for complex, protracted litigation that has produced high expert fees and related costs.
The trial judge has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Boleware, 01-1014, p. 3, 837 So.2d at 73; Bourgeois, 96-0135, p. 4, 691 So.2d at 706.

DAUBERT FEES AND COSTS

We disagree with DOTD’s assertion that the losing party was awarded costs, and find no error in the trial court’s award of Daubert fees and related costs to plaintiffs. Although this court held that the trial court erred in excluding from trial the evidence submitted on the issue of impairment, we found that the evidence was not sufficient to prove that Mr. Clark was impaired by the use of marijuana. Thus, on the overall issue of impairment, the plaintiffs prevailed.

TRIAL AND PREPARATORY FEES AND COSTS

This case was a complex one requiring multiple experts from many areas of expertise. All of the experts specifically ob *771 jected to by DOTD in this appeal (Mr. James Lock, Mr. Maurice Bronstad, Mr. John Mounce, Dr. John Clifford, Dr. Alan Weintraub, Mr. Robert Voogt, Mr. High Long, and Ms. Mary Anne MacLellan) submitted either unitemized bills or bills covering more than just in-court trial or deposition testimony. While we note that the trial court’s award of [¿fees did not mirror these experts’ bills, the court’s award did not differentiate between testimony offered at trial and any other claim. However, DOTD does not dispute the evidence in the record concerning the time spent at trial and the billed hourly rate. Although the original trial judge who observed the experts testifying at trial, and heard the rule to tax costs, would have been better able to set the in-court fees based on his first hand observations, he no longer sits on the district court bench. Therefore, in the interests of justice and judicial economy, this court has thoroughly reviewed the record and the requisite factors inherent in expert trial testimony. See La. C.C.P. art. 2164; Samuel, 99-1148 at p. 8, 798 So.2d at 132. Based on our review and analysis, we find the following to be reasonable fees for the time spent at trial: $1500.00 for Mr. Lock, $1375.00 for Mr. Bronstad, $500.00 for Mr. Mounce, $675.00 for Mr. Voogt, $262.50 for Mr. Long, $200.00 for Dr. Clifford, and $1250.00 for Dr. Weintraub. For Ms. MacLellan’s testimony, the record does not provide sufficient evidence of the time spent in deposition or adequately distinguish between the fee and related cost of the videotaped deposition.
As to the fees and costs claimed for work done in preparation and outside of the courtroom, “for example, time spent gathering facts necessary for [the expert’s] testimony, time spent away from regular duties while waiting to testify, or if the party seeks a fee outside of that normally charged by similar experts in that field,” the party must present the requisite proof. Wampold, 01-0808 at p. 3, 837 So.2d at 640. In this case, with no stipulation by the parties, the plaintiffs in rule had to present particular evidence from the experts in a manner subject to cross-examination. Thus, a bill, even one coupled with an attestation of the truth and correctness, does not meet the requirements of Wam-pold. Without more direct evidence on the value of the out-of-court claims, and their relevance to the expert’s opinion, particularly those claims for the unusual charges for assistants and for lost |ntime arising from travel,[1] the trial court had no basis to determine the reasonableness of the those claims.
For these reasons, we find that the trial court’s award of fees and related costs arising from the trial work must be reversed. For the disputed in-court work, we award $5762.50, and order defendants, DOTD and its insurer, to pay 66% of that award, or $3803.25. As to the other claims disputed on appeal, but not resolved by this opinion, we remand for stipulations, or an evidentiary hearing, and further pro *772 ceedings consistent with this opinion. The award of the Daubert fees and related costs, and all other aspects of the judgment, are affirmed. The costs of this appeal, $3,441.30, are assessed one-half to plaintiffs and one-half to the DOTD.
AFFIRMED IN PART, REVERSED IN PART, RENDERED, AND REMANDED.
GAIDRY, J., concurs without reasons.

. Although we need not decide the issue at this time, the jurisprudence suggests that this court has considered the cost of time lost from the expert's regular work caused by the need to travel to the courthouse. Riche v. City of Baton Rouge, 541 So.2d 905, 908 (La.App. 1 Cir.1988); Stafford v. Unsell, 492 So.2d 94, 99 (La.App. 1 Cir.1986). However, we note that (1) the choice of an expert, including the distance the expert must travel to testify, is within the control of the hiring party, and (2) an expert’s fee and related costs are always subject to a reasonableness standard. Whether a deposition would have sufficed should also be considered. Few cases will support an award specifically for lost work time arising from the need to travel. Wampold, 01-0808 at p. 1, 837 So.2d at 641 (Fitzsimmons, J. concurring).