THERIOT, J.
|2In this case, the defendants appeal a judgment awarding expert witness fees and deposition transcript costs after trial. For the reasons set forth herein, we reverse in part and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
This suit arises from an automobile accident which occurred on February 2, 2008, *513 between Nelson Dakmak, Sr. and Baton Rouge City Police Department (“BRPD”) Officer Stephen C. Tibbetts. Mr. Dakmak filed suit against BRPD and Officer Tib-betts for his injuries, and upon his death, his children were substituted as plaintiffs and amended the petition to include allegations that his death was caused by the accident. After a September 23, 2011 jury verdict in favor of the plaintiffs, which was appealed separately in docket number 2012-CA-1468, the plaintiffs filed a Motion to Set Expert Witness Fees and Costs on October 12, 2011.
On March 5, 2012, plaintiffs filed a notice of their intention to take a deposition upon written questions of their trial expert, James Lock. The notice stated that the deposition would take place on March 10, 2012, at Mr. Lock’s office in College Station, Texas. On March 6, 2012, plaintiffs filed a notice of their intention to take Dr. Conrad de Los Santos’s deposition on written questions on March 14, 2012, at Dr. de Los Santos’s office in Mountain Brook, Alabama. In neither instance did plaintiffs file a motion for leave of court to take post-trial depositions.
A hearing on the plaintiffs’ motion to set expert witness fees and costs was held on July 30, 2012, at which the plaintiffs introduced the post-trial depositions upon written questions of Mr. Lock and Dr. de Los Santos, along with the experts’ invoices. The depositions were admitted into evidence over BRPD’s objection. There was no testimony at the hearing, | smerely argument of counsel, and at the conclusion of the hearing, the trial court granted plaintiffs’ request to have the full amount of the experts’ invoices ($48,856.68 for Dr. de Los Santos and $29,346.96 for Mr. Lock) taxed as costs. The trial court further ordered that the deposition transcript fees for Dr. Hartón, Dr. Stromeyer, Dr. Corsten, Dr. Kadair, and Dr. Jhala be taxed as court costs.
BRPD appealed, asserting that Mr. Lock’s and Dr. de Los Santos’s expert witness fees were excessive and unsupported by the evidence.
DISCUSSION
Pursuant to La. C.C.P. art. 1920, La. R.S. 13:4533, and La. R.S. 13:3666, the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Bourgeois v. Heritage Manor of Houma, 96-0135, p. 4 (La.App. 1 Cir. 2/14/97); 691 So.2d 703, 706. According to La. C.C.P. art. 1920, costs shall be paid by the party cast and may be taxed by a rule to show cause, unless the judgment provides otherwise.[1] Although article 1920 does not specify the costs which may be taxed, La. R.S. 13:4533 provides:
The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
The general rule regarding compensation of expert witnesses is set forth in La. R.S. 13:3666:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time em *514 ployed and the degree of learning or skill required.
|4B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party east in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
Factors to be considered by the trial court in setting an expert witness fee include the time spent testifying, time spent in preparatory work' for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Bourgeois, 96-0135 at p. 7; 691 So.2d at 708. Additional considerations include the helpfulness of the expert’s report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. Although a party can have taxed as costs the reasonable cost of time spent by the expert in gathering facts necessary for his testimony, he may not include the time spent in consultation which only assists the attorney in preparation for the litigation. Id. at p. 7; 691 So.2d at 708-09. Most importantly, expert witnesses are entitled only to reasonable compensation. In assessing expert witness fees, the trial court is not bound by agreements between an expert witness and the party calling him concerning fees, the expert’s statements concerning his charges, nor the actual fees paid. In fact, those facts should not be considered by courts when determining fees. Boseman v. Orleans Parish Sch. Bd., 98-1415, pp. 9-10 (La.App. 4 Cir. 1/6/99); 727-So.2d 1194, 1199, writ denied, 99-0390 (La.4/1/99); 742 So.2d 554. However, the trial [ r,court may award the full amount charged by the expert if the amount is reasonable in light of the many factors considered in fixing expert witness fees. Bourgeois, 96-0135 at p. 7; 691 So.2d at 708.
BRPD argues on appeal that the plaintiffs failed to submit proper proof of their request for expert witness fees at the La. R.S. 13:3666(B)(2) hearing, and therefore the court erred in taxing the entire amount of the experts’ invoices as costs.
In Wampold v. Fisher, 2001-0808 (La.App. 1 Cir. 6/26/02); 837 So.2d 638, this trial court explained what evidence must be produced by a litigant on a contradictory rule to fix and tax expert witness fees under La. R.S. 13:3666(B)(2):
A trial court judge may fix an expert witness fee solely on the basis of what the court has observed or experienced concerning the expert’s time and testimony in' the courtroom or in deposition under LSA-R.S. 13:8666 B(l).... If a rule under LSA-R.S. 13:3666 B(2) seeks to set the value on the time the expert witness was before the court, that value may be determined by the court on the basis of its observation of and experience with the expert witness at trial, without further proof. However, if the rule seeks to value the total time employed by the expert, for example, time gathering facts necessary for his testimony, time spent away from regular *515 duties while waiting to testify, or if the party seeks a fee outside of that normally charged by similar experts in that field, then the plaintiff in rule must prove by competent evidence, what service and expertise the expert rendered in addition to that observed by the trial court. Neither B(l) nor B(2) allows the trial court to value the expert’s services performed away from its hearing and observation without competent and admissible evidence.
Wampold, 2001Á)808 at pp. 2-3; 837 So.2d at 640. (Citations omitted).
Where a party seeks to base an expert’s fee on out-of-court work, the law requires a contradictory and full hearing, with the burden of proving the reasonable value of the expert’s out-of-court work being on the plaintiff-in-rule. Northwest Ins. Co. v. Borg-Wamer Corp., 501 So.2d 1063, 1066 (La.App. 2 Cir.1987). The assertions of an attorney and the expert via the | ^submitted bill, even in conjunction with an expert’s affidavit attesting to the correctness and truth of the bill, do not support an award for the total time of an expert. The expert must testify at the trial of the rule and be subject to cross-examination, unless the parties stipulate to the specifics and costs of the out-of-court work. Wingfield v. State ex rel. Dept, of Transp. and Development, 2003-1740, p. 7 (La.App. 1 Cir. 5/14/04); 879 So.2d 766, 770, citing Wampold, 2001-0808 at p. 3; 837 So.2d at 640. Although testimony as to the time rendered and the costs of services is required, the trial court is not bound by agreements between a party and the expert witness. Wampold, 2001-0808 at p. 3; 837 So.2d at 640.
The burden of proving the value of Mr. Lock’s and Dr. de Los Santos’s out-of-court services was on the plaintiffs. Although plaintiffs submitted the experts’ invoices at the hearing, the court is not bound by them, and they are insufficient to establish the value of the experts’ services. At the hearing on the plaintiffs’ rule, BRPD’s counsel informed the court that it was contesting á number of items on Mr. Lock’s and Dr. de Los Santos’s invoices. When asked by the trial court about Dr. de Los Santos’s invoices, the plaintiffs’ attorney simply said, “that’s his bill,” and offered the experts’ depositions on written questions in support of their request for fees. No further evidence was offered.
BRPD’s attorney objected to the introduction of the depositions on the grounds that plaintiffs did not seek leave of court to take the post-trial depositions. Louisiana Code of Civil Procedure article 1433, which governs post-trial depositions, provides in pertinent part:
A. If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further ¡ 7proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show:
(1) The names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each.
(2) The reasons for perpetuating then-testimony.
B. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the char *516 acter provided for in Articles 1461 through 1465, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in this Chapter for depositions taken in actions pending in the court.
A written order granting leave of court is required in order to take a post-trial deposition. See Welbom v. Ashy Enterprises, Inc., 504 So.2d 120, 122-23 (La.App. 2 Cir.1987). Louisiana Code of Civil Procedure article 1433(B) provides for use of post-trial depositions in pending actions only if the trial court finds that the “perpetuation of testimony is proper” and issues an order granting leave to take the deposition. Absent such an order, the depositions should not have been admitted at the hearing on the rule to tax costs.
Furthermore, the experts’ depositions were insufficient to carry the plaintiffs’ burden of proof as to the value of the experts’ out-of-court services. Both experts were asked at the deposition to identify their invoices, whether the total on their invoices was correct, and whether their invoices represented services rendered in connection with the underlying lawsuit. They were also asked whether their charges were “reasonable and customary” for the work performed and expenses incurred. However, since the plaintiffs sought fees for services rendered by the experts outside of court and in preparation for trial, their burden of proof on the rule required Rthem to present particular evidence from the experts, in a manner subject to cross-examination, regarding the specific services provided and the value of the out-of-court work. Thus, the evidence offered by plaintiffs at the rule does not meet the requirements of the jurisprudence. Without more direct evidence on the specific work performed by the experts out-of-court and the value of the out-of-court claims, the trial court had no basis to determine the reasonableness of those claims. As such, the trial court erred in awarding the entire amount of the experts’ invoices. We reverse that portion of the judgment awarding the entire amount of Mr. Lock’s and Dr. de Los Santos’s invoices and remand in order for the court to determine the value of the experts’ out-of-court services in accordance with the law.
CONCLUSION
For the reasons set forth herein, the portion of the September 4, 2012 judgment awarding expert witness fees for James Lock and Dr. Conrad de Los Santos is reversed and remanded to the trial court for further proceedings in accordance with this opinion. The remainder of the judgment awarding deposition transcript fees is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

. Furthermore, under La. C.C.P. art.2088, which specifies those matters over which a trial court retains jurisdiction once a judgment has been appealed, the trial court has jurisdiction in the case over those matters not reviewable under the appeal, including the right to set and tax costs and expert witness fees.