STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-126

BRITTANY PRICE AND TRAVIS MERRIL
AS PARENTS OF MINOR, JAMESON AUGUSTINE MERRIL

VERSUS

DEEPA VASIREDDY, M.D., AND PEDIATRIC GROUP OF ACADIANA,
LLC

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20197001
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Van H. Kyzar,
Judges.

JUDGMENT AFFIRMED.
SANCTIONS FOR FRIVOLOUS
APPEAL DENIED.

**John A. Leslie**
**David Lewellyn (pro hac vice)**
**The Leslie Law Firm, LLC**
**288 Lawrence Street**
**Marietta, GA 30060**
**(770) 424-2312**
**Counsel for Plaintiffs/Appellants**
  **Brittany Price**
  **Travis Merril**


**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Meyers**
**420 Oil Center Drive**
**P.O. Box 51365**
**Lafayette, LA 70505-1365**
**(337) 266-2200**
**Counsel for Defendants/Appellees**
  **Deepa Vasireddy, MD**
  **Pediatric Group of Acadiana, LLC**

**KYZAR, Judge.**

Brittany Price and Travis Merrill (hereafter, "Plaintiffs") appeal the Judgment on a Motion to Tax Special Court Cost, granted in favor of Deepa Vasireddy, MD., and Pediatric Group of Acadiana, LLC (hereafter, "Defendants") awarding Defendants expert witness fees for three physician experts who testified in person at trial and for the costs for an audio-visual presenter who presented exhibits and video depositions for both parties. Defendants filed an answer asserting that Plaintiffs' appeal was frivolous, and that Defendants should be awarded attorney fees. For the following reasons, we affirm the trial court's award of costs and expert witness fees and deny Defendants' request for attorney fees.

## DISCUSSION OF THE RECORD

Plaintiffs are the natural parents of the minor child, James A. Merrill. After the child's birth, Plaintiffs, on September 29, 2017, brought the minor child to Defendants to have him circumcised. Plaintiffs assert that during the circumcision, Defendants negligently removed the minor child's ventral penile shaft skin to the penoscrotal junction and much of the left and right lateral penile skin. A subsequent surgical procedure was required to repair the damage. The minor child now has permanent scaring.

The Plaintiffs, on behalf of their minor child, filed a medical malpractice action against Defendants. The matter was tried before a jury, which found that Plaintiffs failed to prove the applicable standard of care for a pediatrician performing a circumcision, and thus rejected Plaintiffs' claims.

Following this verdict, Defendants filed a Motion to Tax Special Court Cost. The hearing on the motion was set for October 30, 2023. Following the presentation of evidence of the costs by Defendants and argument of the parties, the trial court

rendered judgment in favor of Defendants, awarding the following costs:

| | |
|---|---|
| (1) Premium for Jury Bond | $ 100.00 |
| (2) Court Reporter Fee for trial | $ 400.00 |
| (3) Trial Expert Fees | |
|     (a) William Roth, MD | $ 5,000.00 |
|     (b) Michael Melancon, MD | $ 1,250.00 |
|     (c) Michael Judice, MD | $ 1,250.00 |
| (4) Depositions used at Trial | -0- |
| (5) Special Jury Cost | $ 114.62 |
| (6) Trial Exhibit Presentation | $ 3,600.00 |
| TOTAL | $11,714.62 |

In this appeal, the Plaintiffs urge the following assignments of error:

1. The trial court erred in granting the motion to tax special cost and awarding Dr. William Roth $5,000.00.

2. The trial court erred in granting the motion to tax special cost and awarding Dr. Michael Melancon $1,250.00.

3. The trial court erred in granting the motion to tax special cost and awarding Dr. Michael Judice $1,250.00.

4. The trial court erred in granting the motion to tax special cost and awarding $3,600.00 for trial exhibit presentation.

Defendants filed an answer to the appeal, seeking an award of attorney fees for a frivolous appeal pursuant to Uniform Rules—Courts of Appeal, Rule 2-19.

## OPINION

*Plaintiffs' Assignment of Errors*

In discussing the assessment of costs following a trial, this court in *Zaveri v. Husers*, 16-866, 16-867, p.15– 16 (La.App. 3 Cir. 6/21/17), 224 So.3d 389, 401– 402, *writ denied*, 17-1286 (La. 11/6/17), 229 So.3d 475, stated:

Louisiana Code of Civil Procedure Article 1920 provides as follows:

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs or any part thereof, against any party, as it may consider equitable.

With regard to the compensation of expert witnesses, La.R.S. 13:3666(A) provides:

> Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or profession examination, and to state the results thereof, shall receive additional compensations, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.

"The trial court, in taxing court costs, is given great discretion and may assess those costs in any manner it deems equitable. La.Code Civ.P. art. 1920. The standard of reviewing assessment of court costs is abuse of discretion." *Bentley v. Fanguy*, 09-822, 09-1509, p. 10 (La.App. 3 Cir. 10/6/10), 48 So.3d 381, 389, *writ denied*, 10-2854 (La. 2/25/11), 58 So.3d 457.

In *McKoin v. Harper*, 37,984, pp. 3–4 (La.App. 2 Cir. 12/10/03), 862 So.2d 410, 412–13 (citations omitted), the second circuit directed that:

> Witnesses called to testify as expert witnesses shall be compensated for their services, with the amount to be determined by the court and taxed as costs to be paid by the party cast in judgment. An expert witness is entitled to reasonable compensation for his court appearance and for his preparatory work. The trial judge is not required to set an expert fee at the amount charged by the expert witness and has great discretion in awarding and fixing cost and expert fees. However, a trial court's assessment of costs can be reversed by an appellate court upon a showing of abuse of discretion.
>
> Factors to be considered by the trial judge in setting an expert witness fee include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Additional considerations include helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases.

Therefore, we are to review the trial court's assessment of costs and expert witness fees under the abuse of discretion standard. In discussing the abuse of discretion standard of review of a trial court's award of costs, the fourth circuit in *Barre-Williams v. Ware*, 20-665, pp. 3–4 (La.App. 4 Cir. 4/28/21), 365 So.3d 760, 768, explained:

> A trial court is afforded great discretion in awarding costs, and such an award is generally only disturbed upon a showing that the court abused its discretion. *Vela v. Plaquemines Parish Government*, 00-2221 to 00-2224, p. 29 (La. App. 4 Cir. 3/13/02), 811 So. 2d 1263, 1282. In reviewing an award under the abuse of discretion standard, "the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier of fact." *Covington v. McNeese State University*, 12- 2182, p. 11 (La. 5/7/13), 118 So. 3d 343, 351.

The review in this matter is made more difficult because the Plaintiffs filed a designation of the record which limited the record to the original petition, the answer, pleadings relating to the motion to tax special court costs, the transcript of the hearing on the motion to tax costs and the pleadings relating to the appeal. Since there is no transcript of the trial testimony of the experts, many of the factors outlined in *Zaveri v. Husers*, 16-866, 16-867 (La.App. 3 Cir. 6/21/17), 224 So.3d 389, to be considered by the trial judge in setting expert witness fees, are not available. Further, there is no evidence of the "time spent testifying, time spent in preparatory work, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert, nor of the helpfulness of the expert's testimony to the trial court." *Zaveri*, 224 So.3d at 402.

As referenced by the Defendants, the present case is very similar to that of *Daigle v. LaPoint*, 14-410 (La.App. 3 Cir. 11/5/14), 150 So.3d 599, where the defendant appealed a judgment assessing costs for a variety of trial-associated

4

expenses, including expert witness fees. The defendant designated the appellate record listing only those aspects of the record addressing the motion to assess costs and not providing the testimony of the experts. In discussing the appellate court's review of the assessment of costs by the trial court based on an inadequate record, this court stated:

> The defendants argue, however, that the factors described in *Massi*, 896 So.2d 1246, when considered under the facts and circumstances of this case, do not support the fees awarded for the physicians' assistance at trial. In their brief to this court, the defendants provide a brief synopsis of each physician's testimony and suggest that the lack of complexity in the medical issues involved in this case and/or the purported lack of expertise associated with the testimony do not support the award. Again, however, the defendants designated the appellate record, listing only those aspects of the record addressing the motion to assess costs. That information does not reveal an abuse of discretion in the trial court's award of expert fees. To the extent the record is inadequate for the type of review requested by the defendants, that inadequacy cannot be imputed to the appellee. *Grantt Guillory Enter., Inc. v. Quebedeaux*, 12-931 (La.App. 3 Cir. 2/6/13), 110 So.3d 182. Rather, the appellant is responsible for the record on appeal. *Id.* Thus, "'when the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm.'" *Id.* at 188 (quoting *Alexander v. Parish of St. John the Baptist*, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, *writ denied*, 10–1289 (La.9/17/10), 45 So.3d 1056). As with the copying costs, we leave the award for expert fees undisturbed based on the record before the court.

*Id.* at 602–03.

Plaintiffs' first three assignments of error address the award of expert witness fees to the doctors who testified at the trial. At the hearing, the Plaintiffs did not file any evidence, and although they filed a memorandum in opposition, it was one page and acknowledged that the assessment of costs, including expert witness fees, lies in the discretion of the trial court. It should also be noted that the trial court awarded less in expert witness fees than were requested by the Defendants.

5

Defendants presented Dr. Roth's invoice in the amount of $8,000.00 for one day of trial testimony. Dr. Roth was accepted and testified as an expert in the field of urology. At the costs hearing, the court noted that Dr. Roth was required to be away from his practice for a significant amount of time and that he was a very important witness for the jury to hear. Although the Defendants paid Dr. Roth $8,000.00 for his trial appearance, the trial court awarded $5,000.00 as the expert witness fee. The Plaintiffs were responsible for supplying this court with an adequate record to address the award of expert witness fees. The record here does not include Dr. Roth's testimony, and therefore, we must presume the trial court was correct in his assessment of Dr. Roth's expert witness fee and did not abuse its great discretion.

Regarding the expert witness fees for Drs. Melancon and Judice, both were tendered and accepted as experts in the field of pediatrics. Both physicians had served as members of the medical review panel. Defendants requested expert witness fees in the amount of $2,500.00 for each of the physicians. Plaintiffs argued that there was no invoice provided by these physicians, nor was there any evidence as to the time they spent preparing for their testimony. The trial court stated, "I'm going to split the baby and do twelve fifty on each one." Once again, based on the lack of a record regarding Drs. Melancon and Judice's trial testimony, it must be presumed the trial court was correct in its assessment of these expert witness fees, and again there is no abuse of its great discretion.

Plaintiff's fourth assignment of error involves the assessment of costs in the amount of $3,600.00 for costs for an audio-visual presenter who presented exhibits and video depositions for both parties. The Defendants paid for the rental of the equipment for a week and for the presence of the presenter. The presenter played

6

all the video depositions, operated the Power Point slides, and provided live display of exhibits for both parties during the trial. During the hearing on the motion, Plaintiffs' attorney admitted: "Yeah, I mean, I can't object to that. . . . I accept that. We just think it's a little high." In awarding Defendants the requested costs award, the judge stated, "That trial would have been very difficult without that and it not only helped me, helped the attorneys, it also helped the jury in that one so I'm going to grant that one."

In *Roach v. State through Dep't of Transp. & Dev.*, 20-211, 20-212, pp. 85–86 (La.App. 3 Cir. 9/22/21), 329 So.3d 974, 1029, *writ denied*, 21-1527 (La. 1/12/22), 330 So.3d 621, this court in addressing the assessment of costs for the use of a company that aided with exhibit presentation and technology utilized during a trial, stated:

> Finally, DOTD argues that the trial court erred in awarding as cost all amounts charged to Ms. Roach and the McVeys by Scan Solutions. In a footnote, DOTD explained that Scan Solutions' services were utilized by all parties during the trial "to assist with the display of electronic exhibits and the playing of video depositions." It stated, "This was done as a convenience to the parties, and because these costs do not fit within the definition provided by La.R.S. 13:4533, these costs should not have been assessed against" it. We find no merit in this argument.
>
> In their joint motion to tax costs, Ms. Roach sought $3,908.25 and the McVeys sought $3,647.00 in charges from Scan Solutions. In *Mace v. Turner*, 18-339, pp. 6–7 (La.App. 3 Cir. 12/6/18), 2018 WL 6433016, this court held that exhibit and technology costs assessed by the trial court as court costs "were reasonable and fall under the 'other cost allowed by law' noted in La.R.S. 13:4533." Accordingly, we find no abuse of discretion in the assessment of these charges as court costs.

Here, the Defendants presented the bill they were charged for the equipment transportation and setup and the day rate for the technician and equipment. Accordingly, we find no abuse of discretion in the award of costs in the amount of $3,600.00 for the exhibit presentation.

7

*Plaintiffs' Answer*

Plaintiffs assert that Defendants' appeal in this matter was frivolous, and that Defendants should be awarded attorney fees pursuant to Uniform Rules—Courts of Appeal, Rule 2–19.

In *Kite Bros., LLC v. Kite RV, LLC*, 14-374, pp. 1-2 (La.App. 3 Cir. 11/5/14), 150 So.3d 608, 609, the court addressed a request for attorney fees for an alleged frivolous appeal. In holding that the appeal was not frivolous and that attorney fees were not due, this court explained:

> Uniform Rules—Courts of Appeal, Rule 2–19 provides, "The court may award damages for frivolous appeal in civil cases as provided by law." Those damages are provided by law in La.Code Civ.P. art. 2164, and those damages may include attorney fees. An appellee seeking those damages must demand them in an answer to the appeal. La.Code Civ.P. art. 2133.
>
> Appeals are favored; thus, appellate courts are reluctant to impose damages for frivolous appeal. *Moffett v. Moffett*, 10-1364 (La.App. 3 Cir. 6/22/11), 67 So.3d 1287. Regarding the award of damages for frivolous appeal, this court has enunciated the following test:
>> Louisiana Code of Civil Procedure Article 2164 provides for an award of damages for frivolous appeal. If the court feels that counsel for the appellant does not seriously advocate the position taken or that the appeal was filed solely for dilatory purposes, then damages for frivolous appeal are appropriate. *Gallien v. Winn-Dixie*, 96-832 La.App. 3 Cir. 12/11/96), 685 So.2d 531 (citing *Hampton v. Greenfield*, 618 So.2d 859 (La.1993)); *Doe v. Roman Catholic Church*, 94-1476 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied*, 95-2076 (La.11/13/95), 662 So.2d 478. However, if even the slightest justification is found for the appeal, and even if the appellant does not prevail on appeal, damages will not be awarded. *Hawkins v. City of Jennings*, 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292.

Defendants assert that because Plaintiffs designated the record and did not include the expert witnesses' testimony, a meaningful appellate review is not

possible, and thus this appeal is frivolous. Plaintiffs assert the case of *Boulet v. Foti*, 539 So.2d 843 (La.App. 3 Cir. 1989), *writ denied*, 541 So.2d 841 (La. 1989), supports their position. *Boulet* involved a boundary dispute where both parties claimed damages for an alleged disturbance to their possession of their property. At the trial of the matter, the parties voluntarily agreed to the establishment of a boundary. Because of their agreement, there was no testimony or evidence presented. Thereafter, appellant obtained new counsel and filed an appeal. The appellees sought damages for a frivolous appeal. In granting the damages, this court stated:

> We find that there are no serious legal questions involved in this appeal. As stated previously, since the record contains no evidence, transcript of testimony, written narrative of facts, or reasons for judgment, it is presumed that the trial judge proceeded on proper evidence. It was appellant's duty to produce the transcript or note of evidence necessary to show the contrary. Appellant has failed in this duty, and his appeal, therefore, presents no serious legal questions. Thus, we find that this is a frivolous appeal for which damages may be awarded under LSA–C.C.P. art. 2164.
>
> In discussing damages for frivolous appeal in *Samford v. Samford*, 297 So.2d 465 (La.App. 2nd Cir.1974), the court stated:
>
>> "We find the attorney's fee is an element of damages which may be awarded under C.C.P. 2164. Were we to conclude otherwise we would deprive a successful appellee of recovery of an element of damage to which he was subjected by the actions of the opposing party who has abused the judicial process in perfecting a groundless appeal. Since this particular type of damage does not occur until *after* rendition of the judgment by the lower court and the perfecting of the appeal, it cannot be claimed in the original suit. As a consequence, the usual rule of denying recovery for attorney's fees unless provided by contract or statute has no application. The appellate court, operating under the provisions of C.C.P. Art. 2164, should take into account every legitimate item of damages which plaintiff has suffered by reason of the unwarranted appeal...."

*Id.* at 845.

Plaintiffs assert their appeal is not frivolous, and that there are serious legal issues involved, namely that Defendants did not present sufficient evidence to justify the reasonableness of the costs for the audio-visual presenter and the expert witnesses' fees that were awarded.

Louisiana Revised Statutes 13:3666 addresses the compensation of expert witnesses and provides in pertinent part:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
>
> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
>
> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
>
> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

In discussing the setting of an award of expert witness fees under La.R.S. 13:3666, the court in *Dakmak v. Baton Rouge City Police Dep't.*, 12-1850, pp. 5–6 (La.App. 1 Cir. 9/4/14), 153 So.3d 511, 514–15 stated:

> In *Wampold v. Fisher*, 2001-0808 (La.App. 1 Cir. 6/26/02); 837 So.2d 638, this trial court explained what evidence must be produced by a litigant on a contradictory rule to fix and tax expert witness fees under La. R.S. 13:3666(B)(2):
>
>> A trial court judge may fix an expert witness fee solely on the basis of what the court has observed or experienced concerning the expert's time and testimony in the courtroom or in deposition under LSA–R.S. 13:3666

B(1).... If a rule under LSA–R.S. 13:3666 B(2) seeks to set the value on the time the expert witness was before the court, that value may be determined by the court on the basis of its observation of and experience with the expert witness at trial, without further proof. However, if the rule seeks to value the total time employed by the expert, for example, time gathering facts necessary for his testimony, time spent away from regular duties while waiting to testify, or if the party seeks a fee outside of that normally charged by similar experts in that field, then the plaintiff in rule must prove by competent evidence, what service and expertise the expert rendered in addition to that observed by the trial court. Neither B(1) nor B(2) allows the trial court to value the expert's services performed away from its hearing and observation without competent and admissible evidence.

*Wampold,* 2001–0808 at pp. 2–3; 837 So.2d at 640. (Citations omitted).

Where a party seeks to base an expert's fee on out-of-court work, the law requires a contradictory and full hearing, with the burden of proving the reasonable value of the expert's out-of-court work being on the plaintiff-in-rule. *Northwest Ins. Co. v. Borg-Warner Corp.*, 501 So.2d 1063, 1066 (La.App. 2 Cir.1987). The assertions of an attorney and the expert via the submitted bill, even in conjunction with an expert's affidavit attesting to the correctness and truth of the bill, do not support an award for the total time of an expert. The expert must testify at the trial of the rule and be subject to cross-examination, unless the parties stipulate to the specifics and costs of the out-of-court work. *Wingfield v. State ex rel. Dept. of Transp. and Development*, 2003-1740, p. 7 (La.App. 1 Cir. 5/14/04); 879 So.2d 766, 770, citing *Wampold*, 2001-0808 at p. 3; 837 So.2d at 640. Although testimony as to the time rendered and the costs of services is required, the trial court is not bound by agreements between a party and the expert witness. *Wampold*, 2001-0808 at p. 3; 837 So.2d at 640.

The appeal record in this matter does include the transcript of the hearing on the motion to assess costs. There was no testimony by the medical experts during the costs assessment hearing regarding the value or time of the experts' out of court preparatory work. Specifically, regarding Dr. Roth, the trial judge stated:

Okay. Well, and it's not just the time that he sat in the court room. Obviously, Dr. Roth did not just show up and start testifying without reviewing, and studying, and going over all of the records, and everything like that. I also felt like he was -- a very important witness for the jury to hear in coming back with their decision. I do think eight

11

thousand is a little -- is a little on the high side. I'm going to grant five thousand dollars.

Regarding Drs. Melancon and Judice, Defendants' attorney argued that each of them should be paid $2,500.00 for their preparation and testimony. Plaintiffs' attorney objected and noted there was no testimony of how much time either had spent preparing for trial. The trial judge in setting their fees stated, "I'm going to split the baby and do twelve fifty on each one."

In that there were discussions during the hearing regarding the time the medical experts spent preparing for their court testimony, and the experts did not testify at the hearing regarding their out of court work, there is a legitimate question as to whether this work was considered by the trial court.

Additionally, one of the factors the trial court is to consider in setting expert witness fees is the amount awarded in other similar cases. *See Zaveri v. Husers*, 224 So.3d 389. Plaintiffs, in support of their argument that the amounts awarded as expert witness fees were excessive, reference other cases where the expert witness fees were awarded. These include *Jeanpierre v. Mikaelian*, 97-1850 (La.App. 4 Cir. 2/25/98), 709 So.2d 915, *writ denied*, 98-1162 (La. 6/5/98), 720 So.2d 689, where the court awarded Dr. Mathai a $500.00 expert witness fee in light of the fact the doctor's testimony was the only evidence to medically substantiate the pain experienced by the plaintiffs. Plaintiffs assert both Drs. Melancon and Judice were members of the Medical Review Panel and an award of $750.00 in expert witness fees would be more reasonable.

The Plaintiffs also cite *Gibson, et al v. Bossier City Gen. Hosp.*, 594 So.2d 1332 (La.App. 2 Cir. 1991), where following trial on the merits, the defendants filed a rule to fix witness fees as costs of court. The court awarded Dr. McVie (pediatric

12

endocrinologist) $1,250.00 and Dr. Clay (pediatric neurologist) $1,600.00. In its opinion, the trial court specifically noted that it considered the amount of time that each expert was on standby and actually testified in court. In affirming the awards, the appellate court noted the length of time that each expert spent testifying and the extended time the physicians were required to be away from their practice. In the present case, the Plaintiffs assert that Drs. Melancon and Judice only testified for one hour each so their fees should be reduced.

In regard to the cost for the audio-visual presenter, the Plaintiffs did admit that they also utilized the presenter and the equipment, however they were of the opinion the cost was "a little high." The only evidence of the cost was the invoice from the company that performed the trial exhibit presentation in the amount of $3,600.00. There was no one present for the company to testify at the hearing as to the reasonableness of the cost. Plaintiffs argue that the courtroom already had video screens, and the company could have used the court equipment rather than charging for the rental of the equipment they utilized. Also, the invoice breakdown amounts to a rate of $800.00 per day, which Plaintiffs assert is excessive.

Although we have determined that the trial court did not abuse its discretion in the assessment of expert witness fees and costs based on the record provided, we find Plaintiffs did have at least the "slightest justification" regarding the amount of expert witness fees and the costs for the audio-visual presenter. Therefore, this appeal was not frivolous, and no attorney fees are due.

## DECREE

For the foregoing reasons, the judgment of the trial court in its assessment of costs and expert witness fees against Defendants is affirmed. The answer of

13

Defendants requesting an attorney fee award against Plaintiffs for filing a frivolous

appeal is denied. All costs of this appeal are assessed to Plaintiffs.

**JUDGMENT AFFIRMED. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**