DREW, J.
1 Plaintiffs lost a medical malpractice trial. The sole issue before, us is whether the trial court abused its discretion in denying the defendants’ request to tax the plaintiffs with a $34, 064.41 expert witness fee paid by the defendants to the defense expert cardiologist, Dr. David Elizardi.
The defendants, cardiologist Dr. Ronald Koepke, and his medical malpractice insurer, Louisiana Medical Mutual Insurance Company (LMMIC),[1] appeal the trial court’s .judgment which only taxed plaintiffs with costs of other' experts in the amount of $3,539.76 plus judicial interest, while refusing to order the plaintiffs to pay Dr. Elizardi’s fee. Under these unique facts, the judgment is affirmed.
BACKGROUND
Darlene McDougald had a history' of heart disease. In preparation for arthroscopic knee surgery, Mrs, McDougald followed the instructions of her' cardiologist (Dr. Koepke) and discontinued blood thinners (Plavix and aspirin).
The day before the scheduled surgery, Mrs. McDougald suffered a myocardial infarction and died..
Her husband and sons (William McDougald, Joey McDonald, and Tracy McDonald, respectively) contended Dr.' Koepke committed medical malpractice by failing to notify Mrs. McDougald.of the dangers of stopping her medications and by failing to obtain her informed consent to stop taking those medications.
|aThe jury rejected all claims of medical malpractice.
Following the jury verdict in favor of Dr. Koepke and LMMIC, the judgment *717 rejecting plaintiffs’ medical malpractice claims was affirmed by this court. The supreme court denied plaintiffs’ writ application. McDougald v. St. Francis North Hosp., Inc., 48,965 (La.App.2d Cir.4/9/14), 187 So.8d 1233, writ denied, 2014-0815 (La.6/13/14), 140 So.3d 1191.
Thereafter, the prevailing defendants, Dr. Koepke and LMMIC, filed the motion to tax costs against the unsuccessful plaintiffs. On the morning of the costs hearing, defendants had a letter from Dr. Elizardi apparently detailing the elements of his $34,064.41 fee. The plaintiffs objected to the letter as hearsay and the trial court overruled the objection. The document, however, was not placed into the record as evidence. The trial court taxed as costs the amount that the plaintiffs stipulated they owed, including court costs, medical records costs, court reporter fees, and a portion of the expért witness fees, but excluded the $34,064.41 fee paid by defendants to Dr. Elizardi. The defendants now appeal only the .portion of the judgment denying as costs Dr. Elizardi’s fees.
The defendants designated the record for this appeal as all filings after July 31, 2014, including the supplemental order, this court’s opinion, the Louisiana Supreme Court’s writ denial, the. defense motion to tax costs, plaintiffs’ opposition thereto and the-trial court’s-judgment on the motion to tax costs.
I «The defendants noted that the previous appeal[2] was already lodged in this court. The plaintiffs filed their own designation of the record including ’ a- transcript of the hearing on the motion to tax costs held on September 22, 2014.
LAW
La. C.C.P. art. 2088(A)(10) specifies that the trial court retains jurisdiction to .feet and tax costs and‘expert witness fees.
La. C.C.P. art. 1920 states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show, cause. Except as otherwise provided by law, the court may render judgment for costs, or any part -thereof, against any party, as it may consider equitable. (Emphasis added), ,
Under art.1920, along with La. R.S. 18:4533[3] and La. R.S. 13:3666,[4] the *718 trial court has great discretion in awarding costs, including expert witness fees, deposition costs, and related expenses. A contradictory shearing is required when a party seeks to base an expert’s fee on out-of-court work. The party seeking costs has .the burden of proving the reasonable value of the expert’s out-of-court work. If the parties do not stipulate to the specifics and costs of the out-of-court work, then the expert must testify at the hearing on the rule to fix costs. Dakmak v. Baton Rouge City Police Dept., 2012-1850 (La. App. 1 Cir. 9/4/14), 153 So.3d 511.
La. C.C.P. art. 2164 requires that the appellate court must decide matters before the court based upon the record on appeal.
In Tranum v. Hebert, 581 So.2d 1023 (La.App. 1 Cir.1991), writ denied, 584 So.2d 1169 (La.1991), the court noted the appellate record is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. The briefs referring to facts which are not in the record and to exhibits which have not been filed in evidence in the record are not before this court for review. An appellate court may not consider evidence which is outside the record. Briefs and memoranda of the parties and the attachments thereto are not part of the record on appeal. The appellate briefs are not part of the record on appeal, and this court has no authority to consider facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Tranum v. Hebert, supra.
In Bolton v. Willis-Knighton Medical Center, 47,923 (La.App.2d Cir.4/24/13), 116 So.3d 76, writ denied, 2013-1307 (La.9/20/13), 123 So.3d 176, this court reviewed the taxing of costs and expert witness fees. An expert witness is entitled to reasonable compensation for trial testimony and preparation for trial. The trial court has great discretion in awarding and setting costs and expert witness fees and is not required to set the amount charged by the expert as the amount of the expert witness fee. Only on a showing of an abuse of the trial court’s discretion can an appellate court reverse the charges and fees taxed as costs by the trial court. The trial court should consider the following factors in setting the expert witness fee:
• Time spent testifying;
• Time spent preparing for trial;
• Time spent away from regular ■ duties;
• Extent and nature of the work performed;
• Knowledge, attainments and skill of the expert;
• Helpfulness of expert’s report and testimony to the trial court;
• Amount in controversy;
• Complexity of the problem addressed; and
• Awards to similar experts.

Bolton v. Willis-Knighton, supra.

HEARING
Argument of counsel and comments by the trial court comprised the totality of the hearing on the defendants’ motion to tax costs. No evidence was introduced into the record. At the hearing, plaintiffs’ attorney stated that he stipulated to the other charges and only objected to the *719 charge of the “thirty something thousand bill.” . '
Attached to the defendants’ previously filed memorandum in support of their motion to tax costs was an “in globo exhibit A,” which consisted of the Ouachita Parish Clerk of Court’s suit ledger, assorted checks paying for various records and the $34,064.41' check to Dr. Elizardi. -At the hearing, the defense attorney possessed, a letter from Dr. Elizardi which itemized his bills and travel expenses with attached receipts as to “hours spent, what he did, who he talked to, hotel bills, gas.” Described by the defense as a supplement to the previously filed “in globo exhibit A,” defense counsel stated that she provided plaintiffs’ lawyer a copy of the supplemental letter.
Plaintiffs objected to the supplemental letter as hearsay. The trial court stated, “I think I can take notice of it.” The court then asked, “What in the world is thirty-four thousand dollars for?” and overruled the hearsay objection. This letter was not filed into the record as evidence and is not part of the record on appeal.
The trial court observed that the court can tax costs against any party as it may consider equitable. La. C.C.P. art. 1920. Both the court and 'defense counsel agreed that “fair” is an accurate description: of “equitable.” The defendants stated they did not like the trial court’s characterization of the dispute as being “ordinary people against nice doctor and heartless soulless insurance company.”
The defendants observed that their expert cardiologist was located in Metairie as opposed to New York or Los Angeles and that the matter had been pending since 2009 or earlier. The trial court stated the assumption that, for the sake of argument, Dr. Elizardi’s large claim was not frivolous. The trial court also stated the plaintiffs’ unsuccessful medical malpractice action was not frivolous.
17At the conclusión of the hearing, which consisted only of argument of counsel, the trial court stated that the defendants’ decision to spend over $34,000.00 was “in all fairness as a cost of your doing business.” As to assumptions made; the trial court said it had no information that the unsuccessful plaintiffs are “particularly wealthy.” Further, the only assumption about the doctor was that he was a “doctor and doctors are people toó.” As to the insurance defendant, the court said, “But that cold heartless other client of yours, that insurance company,, whose business it is, who — is to be here to litigate this stuff.” Defense counsel responded that the insurer’s job was to defend what they saw as meritless claims as well as settle claims they view as valid.
The trial court repeatedly alluded to the fact that the defense could decide how much to expend in defending a matter. Ultimately, the trial court concluded that the fee sought for the defense expert was basically a cost of doing business by the insurer. The trial court refused to tax as costs the fees paid .by Dr. Elizardi.
DISCUSSION
On appeal, the-' successful defendants urged that the trial court abused its discretion in refusing to award any part of Dr. Elizardi’s charges as costs to be paid by the plaintiffs, whose malpractice claim was rejected by the jury. The defendants state that expert witnesses are entitled to reasonable compensation for their work. La. C.C.P. art. 1920 contains the general rule that costs are paid by the parties cast. Based upon the equitable discretion granted the trial court in art. 1920, the trial judge declined to tax against the Isplaintiffs any portion of the $34,064.41 the defense paid Dr. Elizardi for his fees *720 and charges. The trial court found that the defendants’ use of this'doctor’s time was a business decision for which the defense must bear the costs. •
Notwithstanding the trial court’s comments which appear beyond the scope of information contained in the record concerning the financial condition of the unsuccessful plaintiffs and the “cold, .heartless” insurer, the -trial court declined to assume that the plaintiffs are “Mr. and Mrs. Average American” and that-Dr. Eli-zardi drove a Lexus.
This court’s decision to affirm the judgments the trial court is based upon the fact that this sparse record is absolutely devoid of any documentation of Dr. Elizar-di’s fees and costs. While the defendants had the'letter with attached bills and receipts at the hearing on their motion to tax costs, that letter was not placed into the record and is not before this court.
The defendants seek to rely upon this court’s decision in Bolton v. Willis-Knighton, supra, in which this court approved a $62,815.00 taxed as costs for four expert witnesses’ fees. The defendants correctly note the opinion supports their argument that expert witnesses are entitled to reasonable compensation for court appearances and preparatory work. Otherwise, the Bolton v. Willis-Knighton opinion does not assist the defense because the charges sought for. the Bolton experts were supported in the record.
lain Bolton, the objection to the first expert’s invoice as hearsay was properly rejected. That expert’s fee was supported by a stipulation of the parties and the expert’s invoice was made out to the attorney who was' available for questioning in the trial court.
Por their second expert, the successful parties sought $17,900 for a life care plan, trial preparation and trial testimony,from a Ph.D. expert. The trial court granted $12,400 as costs.
For a third expert, also a Ph.D., a fee of $4,860 was sought. Based upon detailed testimony from the expert as to his fees for trial preparation, reports, charges, deposition fees and trial testimony rates, the trial court granted $3,160.
Por their fourth expert, an expert in emergency medicine, the successful parties asked for $51,325. At trial the doctor testified as to his hourly rates along with his charges from, trial testimony and depositions. Based thereon, the trial court granted $41,265 for an expert witness fee.
. In the Bolton litigation, the record contained support for the expert fees sought by the prevailing parties. .
In stark contrast,' this record contains no information as to what constitutes the sum for which the successful defendants seek to be reimbursed. A review of Dr. Elizardi’s trial testimony contains no testimony about his rates, time expended or other charges. His testimony is-limited to acknowledging that he received certain information from the defendants for his review. The defendants failed to place into the record the letter and accompanying receipts, etc., discussed at the hearing to tax costs hueven though the trial court overruled plaintiffs’ hearsay objection to the letter. No proffer of the letter was made and defendants did not request continuing the hearing until Dr. Elizardi could be presented to testify as to his’ charges. In the trial court record, a discovery deposition[5] by Dr. Elizardi was filed with at *721 tachments to a motion for summary judgment, but contains no information about his fees, charges or time expended.
On appeal, the defendants also referred to the length of time of the litigation, the complexity of the issue, and the skill and experience of Dr. Elizardi.
Finally, the defendants urge that' the trial court’s comments about the relative financial positions of the plaintiffs and defendants reflect bias on the part of the trial court which apparently focused on the plaintiffs’ hbility to satisfy the judgment, an abuse of the trial court’s discretion in setting the costs.- '
This court recognizes' that expert witnesses are entitled to be reasonably compensated for their services. La; R.S. 18:3666. Generally, costs are paid by the party cast in judgment. However, La. G.O.P. art. 1920 provides for some flexibility by the trial court which can tax costs as it may deem equitable.
CONCLUSION
This decision is limited to the unique facts of this case. The trial court refused to cast the unsuccessful plaintiffs with the costs paid by | ndefendants to their expert. This record contains no evidence detailing the charges and fees for which the prevailing defense sought to be reimbursed.
Therefore, the judgment of the trial court is affirmed. , Costs of the appeal are charged to defendants, Dr, Robert Koepke and Louisiana Medical Mutual Insurance Company.
AFFIRMED.

. The other defendants were dismissed from the action, See McDougald v. St. Francis North Hosp,, Inc., 148, 955 (La.App.2d Cir.4/9/14), 137 So.3d 1233, writ denied, 2014-0815 (La.6/13/14), 140 So.3d 1191.

. McDougald v. St. Francis North Hosp,, Inc. supra.

. La. R.3. 13:4533 states: "The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs. ’'

. La. R.S. 13:3666 provides, in pertinent part:
A. Witnesses called to testify in court only to an opinion founded- on special'study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to' the value of time employed and the degree of learning or skill required,
B. The court shall determine the amount of the fees of said expert witnesses which arc to be taxed as costs to be paid by the party cast in judgment either: .
(1) From the testimony of the expert relative to his time'rendered and the cost of his services adduced upon the trial of the cause, outside the presence of The jury, the court shall determine the, amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the .amount of the expert .fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the -final judgment in the cause.
C,In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost *718 of medical reports and copies of hospital records.

. Although arguments of counsel are not part ■ of the record on appeal, plaintiffs’ counsel informed the trial court that Dr. Elizardi re-quirod plaintiffs to pay $2,500.00 up front for a two-hour deposition which the doctor stated *721 could not exceed the two-hour time by one minute.